WILLIAM PIERON, Appellant, v. MANHATTAN AND QUEENS TRACTION CORPORATION and Another, Respondents; NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, Defendant.— Order denying motion to resettle proposed bill of exceptions affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIUS FREDERICK CLEMONS, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Richmond, reversed on the law, information dismissed and bail exonerated. We are of opinion that the proof did not show defendant's guilt beyond a reasonable doubt. The conviction rested entirely upon the uncorroborated testimony of a twelve-year old child. Lazansky, P. J., Young and Tompkins, JJ., concur; Carswell and Scudder, JJ., dissent and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE J. SHIELDS, Appellant.* — Judgment of the County Court of Kings county, convicting defendant of the crime of arson in the second degree, reversed on the law and a new trial ordered. We have examined the record and find no error as to the facts. † There was ample proof to sustain the verdict. The indictment, following the language of subdivision 5 of section 222 of the Penal Law, charged the defendant; acting jointly and in concert with one Skoblow, with willfully setting fire to a building with intent to prejudice and defraud the insurer thereof. The essence of the charge is, therefore, that the crime was committed with intent to prejudice and defraud the insurer of the building. The charge was not sustained. The case is without evidence that defendant knew the building was insured. From the fact, merely, that he was an insurance adjuster and had arranged for a fire in connection with the personal property, the inference cannot be drawn that he knew there was insurance on the building. There is evidence that would justify a finding that defendant intended to defraud the insurer of the personal property, but that is not the crime with which he is charged, nor is that crime included in the Penal Law under the arson provisions. Having no knowledge of the insurance of the building, defendant could not have intended to defraud and injure the insurance company which had insured the building. (*People* v. *Goldberg*, 146 App. Div. 335; *Commonwealth* v. *Asherowski*, 196 Mass. 342; 82 N. E. 13; *Martin & Flinn* v. *State*, 28 Ala. 71; Whart. Crim. Law [11th ed.], §§ 1059, 1076.) Lazansky, P. J., Hagarty, Scudder and Davis, JJ., concur; Kapper, J., dissents and votes to affirm.