THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE J. SHIELDS, Appellant.— The decision of this court handed down on November 16, 1934 [242 App. Div. 846], is hereby amended to read as follows: Judgment of the County Court of Kings county, convicting defendant of the crime of arson in the second degree, reversed on the law and a new trial ordered. We have examined the record and find no error as to the facts. The indictment, following the language of section 222, subdivision 5, of the Penal Law, charged the defendant, acting jointly and in concert with one Skoblow, with willfully setting fire to a building with intent to prejudice and defraud the insurer thereof. The essence of the charge is, therefore, that the crime was committed with intent to prejudice and defraud the insurer of the building. The charge was not sustained. The case is without evidence that defendant knew the building was insured. From the fact, merely, that he was an insurance adjuster and had arranged for a fire in connection with the personal property, the inference cannot be drawn that he knew there was insurance on the building. There is evidence that would justify a finding that defendant intended to defraud the insurer of the personal property, but that is not the crime with which he is charged, nor is that crime included in the Penal Law under the arson provisions. Having no knowledge of the insurance of the building, defendant could not have intended to defraud and injure the insurance company which had insured the building. (*People* v. *Goldberg*, 146 App. Div. 335; *Commonwealth* v. *Ashcrowski*, 196 Mass. 342; *Martin and Flinn* v. *State*, 28 Ala. 71; Whart. Crim. Law [11th ed.], §§ 1059, 1076.) Lazansky, P. J., Hagarty, Scudder and Davis, JJ., concur; Kapper, J., dissents and votes to affirm.

RAE RANZAL, Appellant, v. COMMONWEALTH BOND CORPORATION, Respondent.— Order dismissing the amended complaint on the ground that it did not state a cause of action, with leave, however, to file an amended complaint, affirmed, with ten dollars costs and disbursements; amended complaint to be served within ten days after the entry of the order herein. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

R. C. ASSOCIATES, INC., Appellant, v. RUBY JORDAN, Also Known as RUBY JORDAN ZOLESSI, Respondent, and ANDERSON BRICK & SUPPLY Co., INC., and Others, Defendants.— Order vacating judgment of foreclosure, setting aside the sale had pursuant thereto, declaring the referee's deed to be null and void, opening the default of defendant Jordan and permitting her to serve an answer affirmed, with ten dollars costs and disbursements. (*Monaghan* v. *May*, 242 App. Div. 64.) Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.