THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* EUGENE J. SHIELDS, Respondent.

(Argued January 8, 1935; decided January 24, 1935.)

*William F. X. Geoghan, District Attorney (Ralph K. Jacobs* and *Henry J. Walsh* of counsel), for appellant. The defendant being engaged in the commission of a felony, the purpose of which was to defraud the company insuring the stock and fixtures in the building set on fire, the law presumes that he intended the natural consequences of his acts which resulted in prejudice to the insurer of the building. (*People* v. *Chiaro,* 200 N. Y. 316; *People* v. *Meadows,* 136 App. Div. 226; 199 N. Y. 1; *People* v. *Orcutt,* 1 Park. Crim. Rep. 252; *People* v. *Long,* 2 Edm. 129; *Rex* v. *Pinney,* 5 C. & P. 263; *Reg.* v. *Davies,* 1 F. & F. 69; *Aikman* v. *Commonwealth,* 18 S. W. Rep. 937; *Lusk* v. *State,* 64 Miss. 845; *Woodford* v. *People,* 62 N. Y. 117; *People* v. *Fanshawe,* 137 N. Y. 68.)

*Irwin N. Wilpon* and *Burton B. Turkus* for respondent. The court below correctly decided that the People failed to establish the most essential element of the crime charged in the indictment; the record is barren of proof of intent on the part of the defendant to prejudice or defraud the insurer of the building. (*State* v. *Greer,* 243 Mo. 599.)

*Per Curiam.* The question whether defendant willfully burned or set on fire the building or structure described in the indictment, with intent to prejudice or defraud the insurer of the tenant's insurable interest in improvements and betterments to the building, may be submitted to the jury upon the new trial.

The order should be affirmed.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., and CROUCH, J., dissent.

Order affirmed.