EUGENE J. SHIELDS, Plaintiff, *v.* CHILTON COMPANY, Defendant.

Supreme Court, Special Term, Kings County, May 13, 1938.

*Irwin N. Wilpon,* for the plaintiff.

*Iselin, Riggs, Ferris & Mygatt,* for the defendant.

Dodd, J. Plaintiff has instituted the instant action for an alleged libel contained in an article entitled " Insurance and the War on Crime," appearing November 18, 1937, in a magazine owned and published by defendant. An extract from the article is set forth in paragraph 3 of the complaint and more fully in paragraph third of the answer. It treats generally of the efforts which are being made in detecting and prosecuting individuals who have been engaged in the crime of arson for their pecuniary benefit. The particular matter upon which plaintiff predicates the gravamen of his complaint is as follows: " The greed for easy money reached up into the higher strata of public life, as witness the conviction of James H. Bolitho, once a wealthy and powerful prosecutor of Morris County, N. J., as the ' brains ' of an arson gang of six. Also the case of Eugene J. Shields, one of the Skoblow ring, a former Brooklyn assistant fire marshal and later a fire loss adjuster, who was convicted of second degree arson and received a sentence of from $12\frac{1}{2}$ to 25 years."

The foregoing paragraph contains the only reference to plaintiff appearing in the article. It will be observed that plaintiff, in the above paragraph, is characterized as " one of the Skoblow ring." In an earlier portion of the article the " Skoblow ring " is described as " a million dollar arson ring that had the fire departments of Brooklyn and Manhattan going slowly mad."

Defendant has interposed in its amended answer two separate and complete defenses and ten partial defenses. Plaintiff's motion herein is directed to both complete defenses and to the first, ninth and tenth partial defenses.

Briefly stated, the first complete defense alleges that the defendant's magazine is concerned primarily with matters of vital importance to persons interested in property insurance and allied subjects; and that the article of November 18, 1937, was published without malice for the purpose of aiding in the reduction and curtailment of arson. It further alleges that prior to the date of the above publication many " arson rings " had flourished in various metropolitan areas and had become a matter of grave concern. It is then stated that, because of such fact, the arson investigation bureau of the National Board of Fire Underwriters and the fire department of the city of New York proceeded to investigate fires of apparently suspicious origin and that during the course thereof it was revealed that plaintiff was allegedly implicated with the " Skoblow ring." Thereafter it is alleged that the grand jury of Kings county indicted plaintiff for arson in the second degree, that following trial " he was duly convicted " and given " an indeterminate sentence of from twelve years and six months to twenty-five years." The remarks of the trial judge in imposing

sentence are set forth in full. In consequence of all the foregoing, defendant insists that the article complained of either comprises a fair and true report of " public and official " proceedings or consists of fair comment and criticism.

The allegations contained in the above defense do not meet the issue raised by the complaint in that the article on its very face does not purport at all to be a report of any " public and official proceeding." The article fails wholly to refer to the above-mentioned investigation, to the proceeding had before the grand jury and the result thereof, and to the remarks of the judge presiding at the ensuing trial of plaintiff herein for the crime of arson. The only reference to plaintiff in the article is that " he was convicted of second degree arson " and received a stated sentence. In order to permit an application of the doctrine of fair comment as a defense, however, it is elemental that the article complained of must not present merely an inculpatory fact and then fail to set forth, or even unduly minify, a fact which completely exonerates the aggrieved party. Plaintiff's affidavit, in so far as it is submitted in support of his contention that the above defense is sham, alleges as a matter of public record that, subsequent to his conviction, he secured a reversal of the conviction and a right to a new trial (*People* v. *Shields*, 242 App. Div. 846; affd., 266 N. Y. 200) and a subsequent acquittal. In the interest of reportorial fair-mindedness, accuracy and honesty, the reading public should not have been left with the impression that plaintiff was a convicted felon when in fact, several months prior to the publication of the article, he had been wholly absolved of any guilt whatever by the determination of a jury. The subsequent verdict of acquittal completely nullified the effect of plaintiff's former conviction, as though in fact there had been no conviction. (See Code Crim. Proc. § 544; *People* v. *Palmer*, 109 N. Y. 413, 419.) The first defense is, therefore, stricken out.

Apparently the second complete defense, which merely reiterates several of the allegations contained in the first complete defense, is interposed by way of justification. As such, however, it fails. The libel complained of alleges that " plaintiff was animated by the greed for easy money," " that plaintiff was one of the Skoblow ring, a million dollar arson ring," and that " plaintiff was convicted of arson in the second degree and sentenced to from $12\frac{1}{2}$ to 25 years." The article itself contains no reference whatever to the circumstance that an investigation was conducted by the arson investigation bureau of the National Board of Fire Underwriters and by the fire department of the city of New York into the activities of the " Skoblow ring " during the course of which it

was allegedly sought to implicate plaintiff. But, in any event, the fact of such investigation proves nothing except the barren fact that there was indeed an investigation. The testimony introduced upon those proceedings cannot serve as competent proof herein of the truth of the matter contained in the publication. Neither the fact that an investigation was had nor the statements of the witnesses there given can be employed herein for the purpose of establishing justification.

Nor can the matter complained of be justified by referring to the action of the grand jury in returning an indictment against plaintiff. The fact of the indictment obviously cannot be relied upon herein, or under any circumstances, as establishing the truth of the charge. An indictment does not presuppose guilt.

As indicated before, the article recites that plaintiff " was convicted of second degree arson and received a sentence of from $12\frac{1}{2}$ to 25 years." Defendant seeks to justify the statement thereof by a reiteration of the allegations contained in paragraph tenth of the amended answer. The difficulty with defendant's position in such regard, however, is that the article very definitely lends the impression that, as an ultimate fact, plaintiff was convicted and incarcerated for alleged complicity in the crime described. As an ultimate fact, however, plaintiff was not convicted since the purported judgment of conviction was reversed by the higher courts and the effect thereof completely annulled as if, indeed, there had never been a conviction. Plaintiff was not ultimately convicted. Quite to the contrary, he was ultimately acquitted. The allegations of paragraph tenth relate only to the proceedings had upon plaintiff's first trial. The allegations thereof do not tend to justify the false impression, which is obviously left in a person's mind after a reading of the article, that plaintiff was ultimately adjudged to be a felon for the commission of the crime of arson. The truth of a matter, when relied upon as a defense of justification, must be as broad as the imputation which naturally and reasonably flows from the defamatory accusation.

The first partial defense repleads the allegations of the first complete defense. I find no basis upon which to predicate a conclusion that any of the allegations therein contained are legally sufficient for the purpose of establishing either justification or privilege.

The ninth and tenth partial defenses allege in effect that the article was published in good faith and without malice. These latter partial defenses are sufficient.

The motion is, therefore, granted as to the first and second complete defenses and the first partial defense, and denied as to the ninth and tenth partial defenses.