EUGENE J. SHIELDS, Respondent, v. CHILTON COMPANY, Also Known as CHILTON COMPANY, INC., Appellant.— The action is for libel in respect to a publication on " Insurance and the War on Crime," in which reference was made to the " Shields case," wherein it is said that Shields, one of the Skoblow ring, was convicted of arson, second degree, and sentenced. On motion, certain defenses in the amended answer were struck out — in part as insufficient to constitute a defense; and, in addition, a part was struck out as containing irrelevant and scandalous matter, under rule 103 of the Rules of Civil Practice. No leave to serve an amended answer was granted. The complete defenses were in justification by pleading that the facts stated were true; and that the comments made thereon, representing judicial proceedings and investigations by public authorities, were fair and made without malice and were, therefore, privileged. The fact that plaintiff was convicted of arson, second degree, and sentenced, is established by official reports. (People v. Shields, 242 App. Div. 846; affd., 266 N. Y. 200.) That the judgment of conviction was reversed by divided courts, solely on questions of law, does not alter the fact, as stated in the article, that plaintiff was once convicted, nor that he was once associated in the arson " business " with one Skoblow — a " firebug " who was sentenced to prison for the same crime. As to the matter alleged to be irrelevant, scandalous and the like, it constitutes part of the same transactions in which plaintiff and Skoblow were involved as heretofore stated. It contains facts found on investigations made by public officials, an indictment by a grand jury, and on a trial, and comments on the history and results thereof. In respect to that part of the article representing the comment of the writer, very little thereof referred in any degree to the plaintiff. The well-recognized rule is that under such circumstances the nature of the comments based on facts and the malice therein are questions to be presented to the jury (Foley v. Press Publishing Co., 226 App. Div. 535); and where there is no obvious ill will a liberal rule is applied in determining whether or not the comment is fair. (Briarcliff L. Hotel v. C.-S. Publishers, 260 N. Y. 106; Cafferty v. Southern Tier Publishing Co., 226 id. 87; Hoeppner v. Dunkirk Printing Co., 254 id. 95.) Courts are reluctant in such cases to strike out alleged irrelevant and redundant matter in pleading unless it clearly appears that the party will be prejudiced by its retention; but will leave to be determined, on the trial, the competency of the testimony relating thereto. (Dinkelspiel v. N. Y. Evening Journal Co., 91 App. Div. 96; Fleckenstein v. Friedman, 266 N. Y. 19; Bradner v. Faulkner, 93 id. 515.) The partial defense struck out was properly pleaded. (Fleckenstein v. Friedman, supra, p. 25.) Order, in so far as an appeal is taken therefrom, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur. [168 Misc. 745.]