THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEWIS MOORE, Appellant.

First Department, May 7, 1963.

*F. W. H. Adams* of counsel (*George Adams* with him on the brief; *Satterlee, Warfield & Stephens,* attorneys), for appellant.

*Richard R. Lutz* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

McNALLY, J. P. Defendant, an attorney, was convicted of two counts of attempted arson. On August 23, 1959, at or about 4:55 A.M., the superintendent of premises 163 West 84th Street, in the Borough of Manhattan, reported to a patrolman the strong odor of gasoline emanating from said premises. A search of the premises indicated the probable source of the gasoline odor to be the basement of the store premises occupied by Crazee Babee Bar and Grill bearing the street address 501 Amsterdam Avenue. In the basement of the bar and grill was an incendiary apparatus controlled by an operating radio clock set for 7:45 A.M. The extension cord of a three-burner electric hot plate was plugged into the radio clock. The dials of the hot plate were turned to the hot position. Over the hot plate was toweling saturated with gasoline. The toweling stretched through the basement, up the basement stairs, through the kitchen and along the rear of the bar. In front of and below the hot plate were pyramided records, checkbooks and carpeting soaked with gasoline through which was passed the saturated toweling.

The corpus delicti is indisputable. Vigorously contested was defendant's connection with the crime. The evidence was circumstantial but sustains the verdict beyond a reasonable doubt.

The indictment alleges three counts. The first count was dismissed. Defendant was found guilty on the second and third counts.

The third count charges attempt to willfully burn and set on fire a building which at the time was insured against loss and damage by fire with intent to prejudice and defraud the insurers. The evidence did not establish insurance on the building; the evidence of insurance related to the fixtures, furniture and contents of the bar and grill. Defendant's motion to dismiss is not expressly grounded on the failure to prove insurance on the building. Subdivision 5 of section 222 of the Penal Law defines the crime of arson of a building with intent to defraud the insurer thereof as well as the crime of arson of a building with intent to defraud the insurer of articles of property therein. The instant count is not laid on the part of subdivision 5 relating to the contents of the building. In the circumstances, although it does not appear that defendant during the trial relied thereon,

the third count should be dismissed for failure of proof of the crime alleged. (*People* v. *Shields,* 242 App. Div. 846, affd. 266 N. Y. 200.) The reception of the evidence on insurance was nevertheless relevant on motive. (*People* v. *Lewis,* 275 N. Y. 33; *People* v. *Rosen,* 251 App. Div. 584, affd. 275 N. Y. 627.)

The testimony disclosed there was no sign of forcible entry. However, two mutilated locks were introduced into evidence by defendant. No argument based on forcible entry was made by the prosecutor or the defense. Moreover, the defense in part suggested an employee, the porter of the bar and grill, was the perpetrator. Six months after the trial and in or about October, 1962 the Acting Deputy Chief Fire Marshal, a witness for the People, discovered that the two locks received in evidence had been inadvertently substituted for the two undamaged locks removed from the premises and with commendable candor called this to the attention of the District Attorney who with equal frankness called it to the attention of the court. Defendant avers the locks introduced in evidence were those removed from the premises on August 23, 1959; he maintains the said exhibits were not improperly, inadvertently or erroneously received in evidence. Nevertheless and inconsistently defendant argues the mutilated locks received in evidence deprived him of the effective jury argument that the porter "who was on the scene and familiar with the premises" was the perpetrator.

The locks were introduced by defendant; they tended, although apparently erroneously, to support defendant's claim that he was not and another person was the perpetrator. Defendant maintains the locks are properly in evidence. No prejudice is indicated. In fact, the exhibits as introduced redounded to the benefit of defendant. Here is not involved material testimony introduced by the prosecution and asserted to be false by defendant. (Cf. *People* v. *Robertson,* 12 N Y 2d 355.)

Defendant put into issue his character. The prosecutor's cross-examination of some of the character witnesses hypothesized defendant's criminal disposition of a cash register subject to a chattel mortgage. Objections were made but the record does not support the claim that defendant relied on the proposition that the questions characterized defendant's conduct as criminal. On the contrary, defendant's counsel adverted to it in summation as "a technical violation of the law". Defendant's character was in issue and it was proper to cross-examine witnesses thereon as to their knowledge of disparaging conduct on the part of defendant. (*People* v. *Fay,* 270 App. Div. 261, 263, affd. 296 N. Y. 510, affd. 332 U. S. 261.) It does not appear that the said examination was not conducted in good faith. It

420

may well be that the characterization of defendant's conduct was imprecise but it does not appear that an objection thereon was made or that defendant was thereby prejudiced.

We have examined the other grounds for reversal advanced by defendant and find them without merit.

Concurrent sentences were imposed. The sentence on the second count should not be disturbed. (*People* v. *Torres*, 5 A D 2d 134, 137.) The judgment of conviction should be modified, on the law, by reversing defendant's conviction on the third count, and, as so modified, affirmed. (*People* v. *Von Cseh*, 9 A D 2d 660, affd. 8 N Y 2d 993.)

EAGER, STEUER and BERGAN, JJ., concur with MCNALLY, J. P.; STEVENS, J., concurs in result.

Judgment of conviction unanimously modified, on the law, by reversing defendant's conviction on the third count, and, as so modified, affirmed.