■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS UTLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered June 7, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officers.

Ordered that the judgment is affirmed.

The hearing record reveals that the defendant made a knowing and intelligent waiver of his rights and that he voluntarily spoke with a detective and an Assistant District Attorney. The fact that the defendant appeared tired during the videotaped statement does not negate the validity of the waiver; indeed, the hearing court observed that despite the defendant's appearance, "there was no indication whatever that he was to any extent not in control of his faculties" *(see, People v Love,* 57 NY2d 998; *People v Dorsey,* 118 AD2d 653).

The evidence adduced at the trial established that the defendant and his accomplices, acting in concert, caused the victim's death "in the course of and in furtherance of * * * or of immediate flight" from an attempted robbery, and, thus, the jury's conclusion that the essential elements of felony murder were proven beyond a reasonable doubt was proper (Penal Law § 125.25 [3]; *see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt *(see,* CPL 470.15 [5]).

The record does not support the defendant's contention that the trial court displayed hostility and bias toward defense counsel and prejudicially denigrated him. The Trial Judge impartially and successfully sought to "enforce propriety, orderliness, decorum and expedition" during the trial *(People*

*v De Jesus,* 42 NY2d 519, 523) in the face of defense counsel's abusive, obstructive and contemptuous conduct.

The defendant's sentence of 15 years to life for the murder conviction, the statutory minimum *(see,* Penal Law § 70.00 [3] [a] [i]; § 125.25), was clearly not excessive.

We have examined the defendant's remaining contentions and find them to be either unpreserved for our review or without merit. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.