◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY PEOPLES, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Pesce, J.), rendered August 18, 1986, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree (three counts), criminal possession of stolen property in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is modified, on the law, by reducing the sentence imposed on the defendant's conviction of criminal possession of a weapon in the fourth degree from an indeterminate term of 1 to 3 years' imprisonment to

a determinate term of one year's imprisonment; as so modified, the amended judgment is affirmed.

The defendant was convicted of robbing Lebert Allen on the night of April 18, 1985, in Prospect Park. The defendant was one of a group of four men. Four days later, in response to a telephone call, Allen met the defendant in order to collect a credit card which was stolen during the robbery. Allen was accompanied by two plain-clothes policemen. He identified the defendant as one of the thieves and the defendant was arrested.

The defendant alleges error in the admission of the testimony of one of the arresting officers. As the police accompanied Allen in meeting the defendant, the defendant recognized one officer as a policeman. The officer had apparently arrested the defendant on a prior occasion. On cross-examination the defense counsel asked the officer whether the officer was acquainted with the defendant prior to the day of his arrest. The policeman said he was. On redirect examination, the prosecutor asked the policeman when he had first met the defendant. The policeman answered "when I arrested him". The defendant alleges this was prejudicial error.

Where the opposing party opens the door on cross-examination "to matters not touched upon during the direct examination, a party has the right on redirect 'to explain, clarify and fully elicit [the] question only partially examined' on cross-examination" *(People v Melendez,* 55 NY2d 445, 451). Here, the question asked of the police officer was a challenge to the veracity of the complainant's description of the events of April 22, 1985. The question called for an answer which left room for jury speculation and, as such, the prosecutor was entitled to ask the question to clarify the matter on redirect *(see, People v Melendez, supra,* at 452). Having so opened the door, the defendant cannot claim the prosecutor's line of questioning to be error.

The defendant also claims that the prosecutor was guilty of prosecutorial misconduct in his summation. While the summation did not rise to such an egregious level as to require reversal, we note that the prosecutor's summation was ofttimes inappropriate under the circumstances.

The defendant was improperly sentenced on the charge of criminal possession of a weapon in the fourth degree. In view of the fact that this crime is a class A misdemeanor (Penal Law § 265.01), we reduce his sentence to a determinate term of imprisonment of one year.

We have examined the defendant's other claims of error and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.