■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RAFAEL AYALA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered September 21, 1988, convicting him of criminal possession of a controlled substance in the first degree and criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law and on the facts, that branch of the defendant's motion which was to suppress his statements to law enforcement authorities is granted, and a new trial is ordered.

We agree with the defendant's contention that under the facts of this case, the hearing court erred in denying that branch of his motion which was to suppress his statements since they were the direct product of an illegal arrest and unlawful search made in his apartment.

At approximately 1:30 P.M. on September 8, 1987, two police officers went to the defendant's apartment and knocked on the door. When a woman's voice from inside asked who was there, they identified themselves as police officers and told her to open the door, which she did, stepping aside without saying

anything. The officers entered the apartment, arrested the defendant, and advised him of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436, 475), whereupon he made certain incriminating statements. At the time, there was no arrest warrant for the defendant, nor had the police attempted to obtain one. As the defendant was being transported from the apartment to the courthouse in White Plains for processing, the officers continued to question him. Upon his arrival at the courthouse at about 3:00 P.M., the defendant was again interrogated after having been advised of his *Miranda* rights for a second time. Shortly thereafter, the defendant gave an oral and a written statement to the police.

The police in the instant case had neither a warrant nor consent to enter the apartment, and no exigent circumstances existed to excuse the absence of an arrest warrant. Thus, the hearing court properly determined that the warrantless arrest of the defendant inside his apartment was unlawful *(see, Payton v New York,* 445 US 573). The burden therefore rested with the People to demonstrate that the statements made by the defendant at the courthouse some two hours later were acquired by means sufficiently distinguishable from the arrest to be purged of the illegality. Such a determination requires consideration of the temporal proximity of the arrest and, particularly, the purpose and flagrancy of the official misconduct. The postarrest administration of *Miranda* warnings is an important but not a conclusive factor in determining whether the confession was obtained by exploitation of the illegal arrest *(see, People v Conyers,* 68 NY2d 982).

The facts herein are very similar to those in the case of *People v Harris* (72 NY2d 614), wherein the Court of Appeals determined that an inculpatory statement made by a defendant at the police station within a short period of time after his illegal arrest should have been suppressed. In the instant case, as in *Harris,* the police went to the defendant's apartment without a warrant. After the police knocked on the door and announced their presence, the door was opened and the police entered. In both cases, the defendants were given *Miranda* warnings twice before they made the confessions subsequently permitted into evidence. However, the time period between the illegal arrest and the subsequent confession was only one hour in *Harris* while two hours elapsed between the illegal arrest and subsequent confession in this case.

The Court of Appeals in *People v Harris (supra,* at 621) stated that "the short time period and the continuous police presence with defendant from the time he was arrested until

the time he gave his statement, without any legally significant intervening event, indicate that the station house statement was no less a product of the Fourth Amendment violation than was the statement defendant made in his apartment which the courts below have suppressed". The court noted, *inter alia,* that just because *Miranda* warnings were given twice was not enough to attenuate the link between the Fourth Amendment violation and the second statement, and that there was nothing to break the link between the illegal arrest and that statement. The court also noted that the defendant, having made an inculpatory statement in his apartment, had committed himself. There was, therefore, little incentive to withhold repetition of the statement. Finally, the court considered the flagrancy of the officer's misconduct as an important factor in determining that there was no attenuation.

In *Harris,* as in this case, the police went to the defendant's apartment for the sole purpose of making an arrest, despite the absence of any exigent circumstances which would have prevented them from first obtaining an arrest warrant. Furthermore, the defendant herein, like the defendant in *Harris,* had already let the "cat out of the bag" at the apartment, and, thus, had already committed himself *(see also, People v Bethea,* 67 NY2d 364).

Accordingly, under the circumstances herein, we find that the defendant's statements taken at the courthouse should have been suppressed *(see, People v Harris, supra; Brown v Illinois,* 422 US 590). Therefore, we grant that branch of the defendant's motion which was to suppress his statements to law enforcement authorities, reverse the judgment of conviction, and order a new trial.

Since a new trial is required, we note in a passing that it was improper for the trial court to allow a police officer to testify that an informant had told him that the defendant had admitted to the informant that he was a drug dealer. Such "double hearsay" should have been excluded from evidence *(see, People v Colascione,* 22 NY2d 65, 73). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.