■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RAFAEL AYALA, Appellant.—Motion by the respondent for reargument of an appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered September 21, 1988, which was determined by decision and order of this court dated August 6, 1990 [164 AD2d 863].

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted, and upon reargument, the decision and order of this court dated August 6, 1990, is recalled and vacated, and the following decision and order is substituted therefor.

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered September 21, 1988, convicting him of criminal possession of a controlled substance in the first degree and criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that under the facts of this case the hearing court erred in denying that branch of his motion which was to suppress his statements since they were the direct product of an illegal arrest and unlawful search made in his apartment. We disagree.

At approximately 1:30 P.M., on September 8, 1987, two police officers went to the defendant's apartment and knocked on the door. When a woman's voice from inside asked who was there, they identified themselves as police officers and told her to open the door, which she did, stepping aside without saying anything. The officers entered the apartment, arrested the defendant, and advised him of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436, 475), whereupon he made certain incriminating statements. At the time, the police did not have an arrest warrant. The police transported the defendant to the courthouse at about 3:00 P.M. He was again informed of his *Miranda* rights. Shortly thereafter, he gave an oral and a written statement to the police.

The facts herein are very similar to those in the case of *New York v Harris* (495 US —, 110 S Ct 1640). In *Harris,* the police had probable cause to believe that the defendant had committed murder. Three officers went to Harris's apartment to take him into custody without first obtaining an arrest warrant.

When the police arrived, they knocked on the door and identified themselves. Harris let them enter. Once inside the officers read Harris his *Miranda* rights. He then admitted to the killing. He was arrested, taken to the station house and again advised of his *Miranda* rights. He then signed a written inculpatory statement. The United States Supreme Court, in an opinion by Justice White, held that where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of *Payton v New York* (445 US 573).

Accordingly, under the circumstances herein, we find that the defendant's inculpatory statement made at the courthouse two hours after his illegal arrest and after he was informed of his *Miranda* rights twice, was properly admitted in evidence. As to the defendant's contentions regarding the suppression of the oral statement he made at his apartment at the time of his arrest and the physical evidence seized in his apartment, since he failed to raise these challenges before the suppression court, they are not preserved for appellate review *(see,* CPL 470.05 [2]).

The defendant's argument that he was denied his right to a fair trial due to the introduction of evidence of bad character and uncharged crimes is also without merit. The challenged testimony was admissible either because the defense counsel had opened the door *(see, People v Melendez,* 55 NY2d 445; *see also, People v Peoples,* 143 AD2d 780), or as proper rebuttal testimony *(see, People v Ramos,* 139 AD2d 775).

The trial court impartially and successfully sought to maintain the propriety, orderliness, decorum and expeditious course of the trial *(see, People v Utley,* 130 AD2d 693), and it did not improperly marshal the evidence when it delivered its charge to the jury *(see,* CPL 300.10 [1], [2]; *see also, People v Saunders,* 64 NY2d 665). The prosecutor's behavior during trial was also proper. His comments during summation constituted fair comments upon the evidence and did not exceed the bounds of permissible rhetorical comment *(see, People v James,* 146 AD2d 712). Those comments did not constitute improper vouching for the veracity of the prosecutor's witnesses, since the challenged remarks constituted permissible responses to the comments in the defense counsel's summation which repeatedly attacked the credibility of the People's witnesses *(see, People v Clink,* 143 AD2d 838). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.