■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GILBERT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered March 24, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested for selling cocaine to an undercover detective. At trial, on the People's direct case, the detective testified that he was frisked by the defendant before he purchased the narcotics. He was also permitted to testify, over objection by the defendant, that approximately two weeks prior to the arrest he had seen the defendant at the same location for approximately two minutes. On redirect examination, the detective stated, over defense counsel's objection, that the defendant had frisked him on "two occasions". This redirect testimony, taken together with the testimony given on direct, would suggest an earlier narcotics transaction, and thus amounted to evidence of an uncharged crime.

However, we find that the challenged redirect testimony was properly admitted because it was in response to the defense counsel's cross-examination (see, People v Melendez, 55 NY2d 445, 451; People v Peoples, 143 AD2d 780, 781). Additionally, the challenged testimony was admissible as probative on the issue of identification.

The defendant's remaining claims of error are unpreserved for appellate review. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.