**Luis Rafael AYALA, Petitioner,**

v.

**Leonard PORTUONDO, Superintendent Shawangunk Correctional Facility, Respondent.**

No. 97 Civ. 2981 (BDP).

United States District Court, S.D. New York.

Nov. 16, 1999.

Luis Rafael Ayala, Beacon, NY, pro se.

Sarah A. Chapman, Office of the District Attorney of Westchester County, White Plains, NY, for Respondent.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Petitioner Louis Rafael Ayala, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus dated April 14, 1997 challenging his conviction on First Degree Criminal Sale and First Degree Criminal Possession of a Controlled Substance. *See* 28 U.S.C. § 2254.

Following a trial in Westchester County Court where he was convicted of these

charges, Ayala was sentenced on September 21, 1988 to two consecutive terms of imprisonment of 15 years to life. Ayala timely appealed his conviction to the Appellate Division, Second Department, which unanimously affirmed on September 24, 1990. *See People v. Ayala,* 165 A.D.2d 878, 560 N.Y.S.2d 656 (2d Dep't 1990). Ayala's motion to the Appellate Division to reargue was denied on September 7, 1990 and the New York Court of Appeals denied leave to appeal on March 4, 1991. *See People v. Ayala,* 77 N.Y.2d 903, 569 N.Y.S.2d 935, 572 N.E.2d 618 (1991). On March 3, 1998, this Court dismissed Ayala's Petition as untimely. Following the Court of Appeals decision in *Ross v. Artuz,* 150 F.3d 97 (2d Cir.1998), this Court, on January 20, 1999, vacated its March 1998 order and proceeded to consider the Petition on its merits.

The Petition was referred to the Honorable George A. Yanthis, United States Magistrate Judge, for a Report and Recommendation. Judge Yanthis filed a Report and Recommendation dated October 14, 1999 recommending that the Petition be denied in its entirety. The Petitioner timely objected to the Report and Recommendation. Consequently this Court reviews the matter *de novo.* Familiarity with the Report is assumed.

■ Ayala essentially raises two claims. Ayala was charged with aiding and abetting Ralph Bernstein in the sale of cocaine to Agent Patrick Cardiello of the Drug Enforcement Agency on July 27, 1987. Ayala's first claim is that the trial court improperly limited his cross examination of Cardiello. Essentially, Ayala claims that his counsel was improperly prevented on cross examination from questioning Cardiello concerning the relationship between Ayala and Bernstein.

On cross examination, Ayala's counsel was permitted to adduce the fact that Bernstein had been arrested for another drug sale, not involving Ayala, and that Bernstein had attempted to arrange a narcotic's purchase from Ayala which was never consummated. On redirect examination, the prosecution further questioned Cardiello concerning Bernstein's statements to him about Ayala. Ayala's objections to this lien of questioning were overruled and Cardiello testified that Bernstein had advised him that Ayala was the cocaine supplier for the transaction charged in the indictment. Cardiello also testified that Bernstein said that Ayala was responsible for substantial, additional, uncharged sales of cocaine and that he had been arrested for attempted murder.

Judge Yanthis concluded, as do we, that no improper restrictions on cross examination were imposed. The challenged testimony was admissible because either defense counsel had opened the door, *see People v. Melendez,* 55 N.Y.2d 445, 449 N.Y.S.2d 946, 434 N.E.2d 1324 (1982); *see also People v. Peoples,* 143 A.D.2d 780, 533 N.Y.S.2d 311 (2d Dep't 1988), or the challenged testimony was proper rebuttal testimony. *See People v. Ramos,* 139 A.D.2d 775, 527 N.Y.S.2d 521 (2d Dep't 1988).

■ Trial courts have substantial latitude concerning the nature and extent of redirect and cross examinations. *United States v. Rahman,* 189 F.3d 88, 132 (2d Cir.1999). Here, the record discloses no improper conduct by the prosecution that could be said to implicate basic constitutional rights. As previously noted, the challenged questioning was allowed by the trial court because Ayala's counsel explored the subject matter. In any event, in the context of the trial, this questioning, even if it were said to have somehow been improper, constituted harmless error since it could not be said to have had a "substantial and injurious effect on influence in determining the jury's verdict." *See Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *see also Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). As Judge Yanthis correctly noted, much of the proof against Ayala was based on his own admissions to law enforcement officers concerning his drug sales. This activity was confirmed by eye witness testimo-

**196**

ny. In any event, Ayala was afforded the opportunity to cross and re-cross examine Cardiello. He was not, however, afforded the opportunity to ask every question that he wanted, an opportunity that the right to cross examine does not include. *See Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985).

 Ayala also challenges the trial court's admission of uncharged crimes evidence. The decision to admit such evidence is committed to the sound discretion of the trial court and will not be disturbed unless its rulings were "arbitrary and irrational." *United States v. Bok,* 156 F.3d 157, 165 (2d Cir.1998). Judge Yanthis concluded, as do we, that once Ayala had made an issue of Bernstein's candor, the trial court was within its discretion in allowing the cross examination and rebuttal testimony in question. In view of the overwhelming evidence of Ayala's guilt, this evidence cannot even if it had been erroneously admitted, be said to have denied Ayala a fair trial. *See Collins v. Scully,* 755 F.2d 16 (2d Cir.1985).

 Ayala's final objections are to the remarks of the prosecutor during summation. Those statements amounted to a reasonable comment on the evidence and did not exceed the bounds of permissible adversarial rhetoric. In any event, they largely constituted responses to Ayala's own counsel's summation. *See Orr v. Schaeffer,* 460 F.Supp. 964, 967 (S.D.N.Y. 1978). We have reviewed Ayala's other objections and find them to be without merit.

The Report and Recommendation of the Magistrate is adopted. The objections to that Report are overruled. Ayala has not made a substantial showing of the violation of his constitutional rights; consequently a Certificate of Appealability will not issue. *See* 18 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. *See generally Lozada v. United States,* 107 F.3d 1011 (2d Cir.1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

this Court would deny *in forma pauperis* status. The Petition is dismissed. The Clerk of the Court is ordered to enter a final judgment in favor of the Respondent.