■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PAULINO, Appellant. [665 NYS2d 921] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 20, 1996, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94; *People v Scott,* 168 AD2d 523). Its determination should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that the court's charge did not draw the jury's attention sufficiently to the element of intent required for the imposition of liability as an accessory, and that it further minimized this element by emphasizing that one can be guilty of accessorial conduct however small a part one plays in the crime. This claim is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Baker,* 127 AD2d 601). In any event, the trial court's charge as to the defendant's liability as an accessory adequately conveyed the proper standards (*see, People v Lilly,* 139 AD2d 671; *People v Newton,* 120 AD2d 751). Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.