■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC COLEMAN, Also Known as JAMES COLEMAN, Also Known as SCOTT COLEMAN, Appellant. [691 NYS2d 793] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 12, 1985 (*People v Coleman,* 114 AD2d 906), affirming a judgment of the Supreme Court, Kings County, rendered November 21, 1983.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Bracken, Thompson and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CRUZ, Appellant. [691 NYS2d 797] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered September 11, 1997, convicting him of reckless endangerment in the second degree (four counts) and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that he was denied a fair trial because the court failed to deliver an interested witness charge is without merit. The charge as a whole, which included the instruction that the jury could consider the bias or prejudice of any witness in assessing credibility, was sufficient under the circumstances of this case (*see, People v Pereda,* 200 AD2d 774; *People v Martin,* 168 AD2d 221; *see also, People v Inniss,* 83 NY2d 653, 659). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.