■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO CORREA, Also Known as SURIEL ESTEBAN, Appellant. [696 NYS2d 198] —Appeal by the defendant from a judgment of

the Supreme Court, Kings County (Marrus, J.), rendered October 21, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The victim was socializing at a club when he was suddenly attacked by a group of 10 to 15 individuals. The victim died of multiple stab wounds to his chest.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at trial demonstrated that the defendant had the intent to kill the victim. Although the defendant was observed by witnesses only punching and kicking the victim, he wilfully and knowingly continued to participate in the assault while other members of the mob stabbed the victim. Accordingly, the evidence proved that the defendant shared a " 'community of purpose' " with the mob establishing his homicidal intent (*People v Allah,* 71 NY2d 830, 832, quoting *People v Whatley,* 69 NY2d 784, 785; *see also, People v Bell,* 94 AD2d 894, 896; *People v Bosque,* 78 AD2d 986, *cert denied* 451 US 992). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Testimony regarding the defendant's membership in a gang was properly admitted since such evidence was relevant to motive and its probative value outweighed its potential prejudice (*see, People v Boyd,* 164 AD2d 800, 803; *People v Polk,* 84 AD2d 943, 945; *People v Bernard,* 224 AD2d 192).

Contrary to the defendant's contention, the lineup was not unduly suggestive (*see, People v Chipp,* 75 NY2d 327, 335-336, *cert denied* 498 US 833).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or relate to errors which were harmless in light of the overwhelming evidence of guilt (*see, People v Crimmins,* 36 NY2d 230). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.