■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO MAYORGA, Appellant. [711 NYS2d 739] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered April 6, 1998, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crime in the assault in the second degree based on an accomplice theory beyond a reasonable doubt (*see, People v Allah,* 71 NY2d 830). Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the evidence was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's challenge to the court's charge regarding his liability as an accessory is also unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Paulino,* 244 AD2d 511). In any event, the court's instruction regarding the defendant's liability as an accessory adequately conveyed the proper standards (*see,* Penal Law § 20.00; *People v Kaplan,* 76 NY2d 140; *People v Latchman,* 251 AD2d 683; *People v Paulino, supra*). S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.