■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MANUEL HERRERA, Appellant. [731 NYS2d 653] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered April 18, 2000, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The testimony regarding the defendant's membership in a gang was properly admitted to establish a motive and because it was inextricably interwoven into the narrative of events (see, People v Vails, 43 NY2d 364; People v Pacheco, 265 AD2d 347; People v Bernard, 224 AD2d 192).

Given that the showup identification by the complainant occurred in close proximity to the time and location of the incident, it was not unduly suggestive (see, People v Duuvon, 77 NY2d 541; People v Smith, 271 AD2d 332; People v Rodriguez, 259 AD2d 638; People v Tarangelo, 258 AD2d 305; People v Grassia, 195 AD2d 607).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Ritter, J. P., Goldstein, Florio and Townes, JJ., concur.