■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE G. MARSHALL, Appellant. [732 NYS2d 571] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered March 1, 1999, convicting him of burglary in the first degree (two counts) and robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims are either unpreserved for appellate review (*see, People v Lewis,* 283 AD2d 442; *People v Mitchell,* 189 AD2d 900) or waived by his plea of guilty (*see, People v Kennington,* 283 AD2d 658; *People v Caleca,* 273 AD2d 476). In any event, his claims are without merit. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNDELL McDUFFIE, Appellant. [732 NYS2d 357] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered September 30, 1999, convicting her of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not preserve for appellate review her claim that the Supreme Court erred in failing to charge the jury that the codefendant, who testified at the trial pursuant to a cooperation agreement with the People, was an accomplice as a matter of law (*see,* CPL 470.05 [2]; *People v Nichilo,* 274 AD2d 592). Moreover, the Supreme Court's failure to charge the jury that the codefendant was an interested witness as a matter of law does not warrant reversal (*see, People v Inniss,* 83 NY2d 653; *People v Cruz,* 262 AD2d 579). We note that the testimony of the complainants and an eyewitness to the crime independently and overwhelmingly established the defendant's guilt (*see, People v Odiot,* 242 AD2d 308; *People v Martin,* 169 AD2d 784). Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.