■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND NEWBY, Appellant. [738 NYS2d 355] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered October 21, 1999, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenges to the admission of testimony regarding the complainant's belief that the defendant was a member of a specific gang, the Bloods, and the basis of that belief, as well as testimony of a prior uncharged robbery of the complainant by the defendant, are without merit (*see, People v Alvino,* 71 NY2d 233; *People v Cain,* 193 AD2d 810). This evidence was relevant on the issue of the defendant's motive, and was necessary background to explain to the jury the sequence of events and the relationship between the defendant and the complainant (*see, People v Herrera,* 287 AD2d 579; *People v Perez,* 265 AD2d 347). Accordingly, since the probative value of this testimony outweighed any prejudice to the defendant, the Supreme Court properly exercised its discretion in admitting it. Moreover, any prejudice to the defendant from the admission of the evidence was alleviated by the trial court's repeated curative instructions to the jury (*see, People v Cham,* 259 AD2d 492; *People v Aguirre,* 248 AD2d 717, 718).

The defendant's challenge to the extent of detail regarding the basis of the complainant's belief that the defendant was a member of the Bloods is also without merit. Much of the detailed nature of the testimony was elicited on redirect exam-

ination, only after the defendant, on cross-examination, challenged the reasonableness of the complainant's belief. Having opened the door, the defendant cannot now claim that the People's line of questioning was in error (*see, People v Peoples,* 143 AD2d 780; *see generally, People v Melendez,* 55 NY2d 445, 452-453). Florio, J.P., Smith, McGinity and Crane, JJ., concur.