■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTINEZ JONES, Appellant. [744 NYS2d 877] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered July 8, 1997, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606).

The defendant has not, nor could he have, raised any nonfrivolous issues in his supplemental pro se brief. Prudenti, P.J., O'Brien, McGinity and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISA JOYNER, Appellant. [744 NYS2d 877] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 9, 2000, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The introduction of testimony regarding the defendant's membership in a gang did not constitute reversible error (*see People v Newby,* 291 AD2d 460; *People v Herrera,* 287 AD2d 579, *lv denied* 97 NY2d 705; *People v Perez,* 265 AD2d 347). Much of this testimony was elicited after the defense counsel opened the door to the matter on cross-examination (*see People v Newby, supra; People v Peoples,* 143 AD2d 780, 781; *see generally People v Melendez,* 55 NY2d 445, 451-453). Any potential prejudice to the defendant was alleviated by the trial court's curative instructions to the jury (*see People v Newby, supra; People v Bernard,* 224 AD2d 192).

The defendant's remaining contention is without merit. O'Brien, J.P., H. Miller, Schmidt and Cozier, JJ., concur.