■ DARRYL BARNES, Respondent, v CITY OF NEW YORK et al., Appellants. [745 NYS2d 20] —Order and judgment (one paper), Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about October 26, 1999, awarding plaintiff damages for

---

personal injuries, upon a jury verdict, as reduced pursuant to plaintiff's stipulation and structured pursuant to CPLR article 50-B, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the matter remanded for a new trial.

Plaintiff commenced this action against the City of New York and Police Officer Frantz Jerome to recover damages for personal injuries incurred when Officer Jerome shot plaintiff on the night of August 22, 1988. During the trial of this action, defendants sought to introduce evidence that plaintiff was a member of a group known as the "Five Percenters," which espouses a vicious ideological hatred of the police and propounds to its members a protocol to shoot and kill police officers rather than submit to arrest.[1] The trial court excluded this evidence on the ground that it was collateral and unfairly prejudicial, and the jury resolved factual issues in favor of plaintiff, rendering a verdict for him. We now hold that, contrary to the trial court's view, exclusion of such evidence constituted reversible error requiring that there be a new trial.

The facts surrounding the subject incident are strongly in dispute. Officer Jerome's testimony was that he began pursuing plaintiff after plaintiff, whom the officer observed to be carrying a semi-automatic handgun, disobeyed the officer's order to stop and drop his weapon. According to Officer Jerome, plaintiff fired at him during the ensuing chase, and, subsequently, when plaintiff appeared to be preparing to fire at him again, the officer fired his service revolver. It is plaintiff's contention in this action, however, that, when Officer Jerome shot him, plaintiff had dropped his weapon and was raising his hands in the air. Plaintiff gave testimony to this effect at the hearing held pursuant to General Municipal Law § 50-h and at his EBT, transcripts of which were read into evidence at trial.[2]

Under the particular circumstances of this case, evidence of this plaintiff's motive would be admissible to show that the plaintiff was likely to act in accordance therewith on this occasion. For example, in a prosecution for the attempted murder of two police officers, where the case was a largely circumstantial one, the Court of Appeals held that testimony that the defendant professed "a vicious ideological hatred for

---

1. The Five Percenters' violent propensities are sufficiently well established that certain State correctional facilities, as a security measure, have prohibited inmates to possess the group's literature (*see, Matter of Buford v Goord*, 258 AD2d 761).

2. Plaintiff was excused from testifying at trial, and thus was not cross-examined, based on his assertion of mental incapacity at the time of trial.

the police," and documents expressing militantly anti-police views that were discovered in his apartment, were admissible to show motive for the shooting (*People v Moore*, 42 NY2d 421, 428, *cert denied* 434 US 987; *see also, People v Rodriguez*, 42 Cal 3d 730, 756-758, 726 P2d 113, 128-129; 1A Wigmore, Evidence §§ 102, 106, 117, 118 [Tillers rev 1983]; Fisch, New York Evidence §§ 240, 241 [2d ed 1977]). Moreover, it is well established that the fact of a person's membership in an antisocial gang, such as the Five Percenters, is admissible as evidence of a motive to engage in wrongful conduct promoted by the gang (*see, e.g., People v Herrera*, 287 AD2d 579, *lv denied* 97 NY2d 705; *People v Reynolds*, 283 AD2d 771, 774, *lv denied* 96 NY2d 866, 923; *People v Perez*, 265 AD2d 347, 348, *lv denied* 94 NY2d 827; *People v Tam*, 260 AD2d 242, *lv denied* 93 NY2d 1028; *People v Tai*, 224 AD2d 328, *lv denied* 88 NY2d 942).

Evidence of plaintiff's membership in the Five Percenters, under the circumstances presented here, was relevant to show that he had a specific motive to resist any police officer's attempt to arrest him, giving rise to the fair inference that plaintiff was likely to act in accordance with such motive in his encounter with Officer Jerome. By bringing this action, plaintiff has placed his own conduct, as well as that of Officer Jerome, at issue. The jury, charged with finding how plaintiff as well as the officer acted on the night in question, should have been permitted to hear evidence that would have revealed any motive directly relevant to plaintiff's conduct in his interaction with the officer. That the evidence of plaintiff's motive adversely reflects on his character does not render it inadmissible, since, under the particular circumstances of this case, its probative value outweighs any incidental prejudicial effect (*see, e.g., People v Moore, supra* at 428, citing *People v Fitzgerald*, 156 NY 253, 259; *People v Hagan*, 24 NY2d 395, 400, *cert denied sub nom. Hayer v New York*, 396 US 886; *People v Perez, supra*).

In this case, evidence of plaintiff's membership in the Five Percenters also should have been admitted for purposes of impeaching his credibility.

Although an error in excluding evidence at trial does not invariably warrant reversal, we conclude that the error in the exclusion of the Five Percenters evidence was sufficiently prejudicial to defendants to require us to reverse the judgment and remand for a new trial. Concur—Mazzarelli, J.P., Ellerin, Wallach, Rubin and Friedman, JJ.