■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HERNANDEZ, Appellant. [782 NYS2d 776]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 23, 2001, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's requests for a mistrial. The decision whether to grant a request for a mistrial rests within the sound discretion of the trial court (*see People v Ortiz,* 54 NY2d 288, 292 [1981]), which is in the best position to determine if it is necessary to protect the defendant's right to a fair trial (*see People v Cooper,* 173 AD2d 551, 552 [1991]). Specifically, the defense counsel objected before the police officer could testify regarding certain evidence ruled inadmissible, thus, no mistrial was warranted on that basis. Further, although one of the People's witnesses testified that the defendant was armed with a baseball bat because he was going to a gang fight, the Supreme Court struck the testimony, gave an immediate curative instruction, and, upon the defendant's motion for a mistrial, gave further curative instructions (*see People v Joyner,* 295 AD2d 625 [2002], *lv denied* 98 NY2d 730 [2002]). Under the circumstances, the motion was properly denied.

The defendant's contention that prosecutorial misconduct

during summation constituted reversible error is largely unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the prosecutor's comments were fair comment on the evidence, fair response to the defense counsel's arguments upon summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Ashwal*, 39 NY2d 105 [1976]), or do not require reversal (*see People v Roopchand*, 107 AD2d 35 [1985], *affd* 65 NY2d 837 [1985]).

Finally, the defendant's contention that he was denied a fair trial because the Supreme Court did not give an interested-witness charge is without merit. The charge as a whole, which included the instruction that the jury could consider the bias or prejudice of any witness in assessing credibility, was sufficient under the circumstances of this case (*see People v Inniss*, 83 NY2d 653, 659 [1994]; *People v McDuffie*, 288 AD2d 238 [2001]; *People v Cruz*, 262 AD2d 579 [1999]). Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.