■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO SIERRA, Appellant. [803 NYS2d 1]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered April 18, 2002, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 10 years and 6 years, unanimously affirmed.

The court properly exercised its discretion in admitting testimony regarding defendant's previous relationship with a girl of unspecified age who was "too young for him." Viewed in the context of other evidence, this testimony was relevant to explain the chain of events that led to, and motivated, defendant's assault upon the victim (*see e.g. People v Newby,* 291 AD2d 460 [2002], *lv denied* 98 NY2d 679 [2002]). Even assuming that the jury might infer that defendant had engaged in uncharged criminal activity, the probative value of this evidence outweighed its prejudicial effect. Defendant's argument concerning the prosecutor's summation comment on this evidence is unpreserved and unavailing.

This record does not support defendant's claim that the prosecutor commented in summation on defendant's assertion of his right to remain silent. Defendant made a voluntary postarrest statement to the police and never declined to answer questions. The prosecutor's summation comments regarding the content of defendant's statement were responsive to defendant's cross-examination and summation (*see People v Overlee,* 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.