■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RAMIREZ, Appellant. [805 NYS2d 617]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered April 27, 2001, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not deprived of a fair trial due to the admission of testimony regarding a codefendant's gang membership since the evidence was relevant to motive and intent, and explained the sequence of events and the relationship between the codefendant and two other assailants (*see People v Newby,* 291 AD2d 460 [2002]; *People v Herrera,* 287 AD2d 579 [2001]). Although the record did not clearly demonstrate that the defendant was a gang member, the testimony's probative value outweighed its potential prejudice, and the trial court alleviated any prejudice to the defendant by providing appropriate curative instructions to the jury (*see People v Newby, supra*).

Nor was the defendant deprived of a fair trial due to a prejudicial comment made by a venireperson, or any prosecutorial misconduct during summation. The court took appropriate measures to alleviate any prejudice to the defendant from the comment of a venireperson regarding gangs, and there is no evidence that the remark tainted the remaining jury panel so as to deprive the defendant of a fair trial (*see People v Cruz,* 292 AD2d 175 [2002]; *People v Singleton,* 226 AD2d 565 [1996]).

Whether the defendant was associated with the MS-13 gang was a legitimate issue in the case (*see People v Ashwal,* 39 NY2d 105 [1976]), and the prosecutor's comments during summation were fairly inferable from the evidence admitted at trial (*see People v Watkins,* 6 AD3d 734 [2004]). The evidence of the defendant's uncharged, but concurrent, assault of the complainant's friend was inextricably interwoven into the narrative of events, and the trial court's instructions clearly indicated that the indictment was based on the assault of the complainant only (*see People v Cham,* 259 AD2d 492 [1999]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 88 [1982]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.