■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO SILVA, Appellant. [838 NYS2d 73]—

Judgment, Supreme Court, Bronx County (Phylis Skloot

Bamberger, J.), rendered November 18, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and unlawful possession of marijuana, and sentencing him to an aggregate term of 1 to 3 years, unanimously affirmed.

Although defendant's defense was that the police fabricated the charges against him for the purpose of causing his vehicle to be forfeited, the price a Brooklyn detective who was uninvolved in the case paid to purchase defendant's vehicle from a car dealership was not exculpatory material subject to disclosure under *Brady v Maryland* (373 US 83 [1963]). Furthermore, the court properly exercised its discretion in precluding defendant from eliciting that information on cross-examination (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). There was no evidence connecting the Brooklyn and Bronx narcotics detectives in this case, and the Brooklyn detective testified that he bought the vehicle with no knowledge of its origin. Thus, the price of the forfeited vehicle was irrelevant to establish a motive on the part of the Bronx detectives to arrest defendant falsely. Defendant did not submit any proof in support of his theory of a connection between the detectives, despite the opportunity to do so. Thus, the court properly excluded defendant's question as speculative and without any factual basis (*see e.g. People v Barney*, 277 AD2d 460 [2000], *lv denied* 96 NY2d 825 [2001]). Defendant's other arguments are unpreserved and without merit. Concur—Sullivan, J.P., Buckley, Gonzalez, Sweeny and Kavanagh, JJ.