■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CRUZ, Appellant. [846 NYS2d 376]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered November 22, 2004, convicting him of murder in the second degree, attempted murder in the second degree, assault in the second degree, reckless endangerment in the first degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried jointly with his codefendant Antonio Flores. Since the probative value of the expert testimony regarding the customs and practices of Mexican-American gangs, which was relevant to the defendant's motive and provided a necessary background, outweighed any prejudice to the defendant, the Supreme Court providently exercised its discretion in admitting it (*see People v Flores*, 46 AD3d 570 [2007] [decided herewith]; *People v Filipe*, 7 AD3d 539 [2004]; *People v Newby*, 291 AD2d 460 [2002]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's allegedly improper summation comments is unpreserved for appellate review (*see People v Williams*, 38 AD3d 925 [2007]; *People v Campbell*, 29 AD3d 601 [2006]). In any event, the defendant's contention is without merit because the comments constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Rabady*, 28 AD3d 794 [2006]).

The Supreme Court properly imposed consecutive terms of imprisonment for the defendant's murder, attempted murder, and assault convictions (*see People v Flores*, 46 AD3d 570 [2007] [decided herewith]). The defendant's claim that the procedure by which the Supreme Court determined that he was eligible for consecutive terms of imprisonment violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review and, in any event, is without merit (*see People v Pritchett*, 29 AD3d 828 [2006]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Schmidt, J.P., Skelos and Fisher, JJ., concur.

Goldstein, J. (concurring in the result): On December 21, 2003 and in the early morning hours of December 22, 2003, the complainants and the decedent attended a private party for adults and children. At the trial, one of the complainants, who was born in Mexico and was a member of the street gang "the Sombras" in Mexico, testified that at some point during the party, he asked the disc jockey to shout out "Sombras" to greet

other members of the Sombras at the party, and the disc jockey complied with his request. There is no evidence in the record as to the time when this occurred.

The other complainant testified that he saw the defendant, Carlos Cruz, at the party "[d]rinking, smoking" and going "to the bathroom." He did not specify when he saw the defendant.

At around 2:00 A.M. the complainants and the decedent left the party. They were walking to the car that brought them to the party when shots were fired, wounding both complainants and killing the decedent. The defendant and his codefendant Antonio Flores, who were pursued by the police as they fled the scene and were arrested for the instant crimes, were reputedly members of a gang which was a rival to the Sombras.

At the trial, expert testimony was admitted with respect to the "customs and identification of gang members within the Mexican community." The expert testified that while family gatherings are usually nonviolent, in New York City and parts of New Jersey, they can become violent when gang members "know the DJ there or . . . will grab the DJ's microphone and . . . shout out their gang. If there is a rival gang member there, there will be some sort of . . . violence." The expert testified that in New York City in the late 1990's there were around seven homicides in New York City where a party was interrupted by a "shout out" over the microphone and a rival gang was present. He further testified that, often, the victim is an innocent bystander. This testimony was admitted over objection to show the defendant's motive.

In my view, this testimony about violence attributable to a disc jockey calling out the name of a gang at a party was inadmissible on the ground that no foundation was laid for such testimony. There is no evidence in the record as to when the disc jockey called out "Sombras" or whether the defendants were present when the disc jockey called out "Sombras" (see People v Silva, 41 AD3d 321, 322 [2007]; People v Goldberg, 146 App Div 335 [1911]). There is no evidence in the record as to the length of time between the disc jockey shouting out "Sombras" and the shooting, or that the defendant ever heard the disc jockey shout out "Sombras."

However, under the circumstances of this case, and considering the overwhelming evidence of guilt, the error was harmless. Accordingly, I agree that the judgment should be affirmed.