■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO FLORES, Appellant. [846 NYS2d 626]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered November 22, 2004, convicting him of murder in the second degree, attempted murder in the second degree, assault in the second degree, reckless endangerment in the first degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the admission of expert testimony regarding the customs and practices of Mexican-American gangs is without merit. The testimony was relevant to the issue of the defendant's motive and was a necessary background to explain to the jury the sequence of events (*see People v Cain*, 16 AD3d 288 [2005]; *People v Filipe*, 7 AD3d 539 [2004]; *People v Avila*, 303 AD2d 165 [2003]; *People v Edwards*, 295 AD2d 270 [2002]; *People v Newby*, 291 AD2d 460 [2002]). Since the probative value of this testimony outweighed any prejudice to the defendant, the Supreme Court providently exercised its discretion in admitting it (*see People v Filipe*, 7 AD3d 539 [2004]; *People v Newby*, 291 AD2d 460 [2002]).

The defendant's claim that the prosecutor's allegedly improper comments during summation require reversal is unpreserved for appellate review since the defendant failed to raise any objection to the comments at trial (*see People v Williams*, 38 AD3d 925 [2007]; *People v Campbell*, 29 AD3d 601 [2006]). In any event, the challenged remarks either constituted fair comment on the evidence or were permissive responses to the defense counsel's summation (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Campbell*, 29 AD3d 601 [2006]; *People v Rabady*, 28 AD3d 794 [2006]).

Viewing the totality of the evidence, the law, and under the circumstances of the case, the defendant's contention that he was denied the effective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Gonzalez*, 22 AD3d 597 [2005]).

The Supreme Court properly imposed consecutive sentences for the defendant's murder, attempted murder, and assault convictions because the offenses were separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident (*see People v Brathwaite*, 63 NY2d 839 [1984]; *People v Pritchett*, 29 AD3d 828 [2006]; *People v McCullough*,

283 AD2d 988 [2001]; *People v Grimes,* 277 AD2d 945 [2000]). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in his supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit. Schmidt, J.P., Skelos and Fisher, JJ., concur.

Goldstein, J. (concurring in the result): On December 21, 2003 and in the early morning hours of December 22, 2003, the complainants and the decedent attended a private party for adults and children. At the trial, one of the complainants, who was born in Mexico and was a member of the street gang "the Sombras" in Mexico testified that at some point during the party, he asked the disc jockey to shout out "Sombras" to greet other members of the Sombras at the party, and the disc jockey complied with his request. There is no information in the record as to the time when this occurred.

At around 2:00 A.M. the complainants and the decedent left the party. They were walking to the car that brought them to the party when shots were fired, wounding both complainants and killing the decedent. The defendant and his codefendant, who were pursued by police as they fled the scene and were arrested for the instant crimes, were reputedly members of a gang which was a rival to the Sombras.

At the trial, expert testimony was admitted with respect to the "customs and identification of gang members within the Mexican community." The expert testified that while family gatherings are usually nonviolent, in New York City and parts of New Jersey, they can become violent when gang members "know the DJ there or . . . will grab the DJ's microphone and . . . shout out their gang. If there is a rival gang member there, there will be some sort of . . . violence." The expert testified that in New York City in the late 1990's there were around seven homicides in New York City where a party was interrupted by a "shout out" over the microphone and a rival gang was present. He further testified that, often, the victim is an innocent bystander. This testimony was admitted over objection to show the defendant's motive.

In my view, this testimony about violence attributable to a disc jockey calling out the name of a gang at a party was inadmissible on the ground that no foundation was laid for such testimony. There is no evidence in the record as to when the disc jockey called out "Sombras" or whether the defendant was present when the disc jockey called out "Sombras" (*see People v Silva,* 41 AD3d 321, 322 [2007]; *People v Goldberg,* 146 App Div

335 [1911]). There is no evidence in the record as to the length of time between the disc jockey shouting out "Sombras" and the shooting, or that the defendant ever heard the disc jockey shout out "Sombras."

However, under the circumstances of this case, and considering the overwhelming evidence of guilt, the error was harmless. Accordingly, I agree that the judgment should be affirmed.