THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VINES, Appellant. [859 NYS2d 661]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered November 1, 2006, convicting him of manslaughter in the second degree, reckless endangerment in the second degree, reckless driving, driving while ability impaired by alcohol, and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*People v Romero*, 7 NY3d 633; *People v Hart*, 8 AD3d 402, 404 [2004]).

The introduction of testimony regarding the results of a portable breathalyzer test performed on the defendant did not constitute reversible error, because this testimony was elicited after defense counsel opened the door to the matter on cross-examination (*see People v Melendez*, 55 NY2d 445, 451-453 [1982]; *People v Joyner*, 295 AD2d 625 [2002]; *People v Peoples*, 143 AD2d 780 [1988]). Moreover, any potential prejudice to the defendant was alleviated by the trial court's curative instructions to the jury (*see People v Hernandez*, 11 AD3d 479 [2004]; *People v Joyner*, 295 AD2d at 625).

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (*see People v Pena*, 50 NY2d 400, 412 [1980], *cert denied* 449 US 1087 [1981]; *People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.