■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH JORDAN, Appellant. [902 NYS2d 379]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered April 2, 2008, convicting him of criminal sexual act in the first degree, rape in the first degree, unlawful imprisonment in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Testimony elicited at trial regarding the "Bloods" gang was relevant to the issue of the defendant's motive, was inextricably interwoven into the narrative, and explained the relationships between the parties (*see People v Ramirez*, 23 AD3d 500, 501 [2005]; *People v Newby*, 291 AD2d 460 [2002]; *People v Herrera*, 287 AD2d 579 [2001]). Thus, the Supreme Court providently exercised its discretion in admitting such evidence since its probative value outweighed any prejudice to the defendant (*see People v Flores*, 46 AD3d 570, 571 [2007]; *People v Newby*, 291 AD2d at 460).

The Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the possible prejudice to him (*see People v Ayala*, 69 AD3d 869 [2010]; *People v Smith*, 49 AD3d 671 [2008]; *People v Jones*, 41 AD3d 507, 508 [2007]).

The defendant's contention that the jury verdict was repug-

nant is unpreserved for appellate review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]) and, in any event, without merit (*see People v Tucker*, 55 NY2d 1, 6 [1981]; *People v Granston*, 259 AD2d 760, 761 [1999]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Miller, Chambers and Lott, JJ., concur.