THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BORRERO, Appellant. [912 NYS2d 634]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered May 29, 2008, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Testimony elicited at trial regarding street gangs and the defendant's alleged affiliation with the "Bloods" gang was relevant to motive and intent, and explained the relationships between the parties (*see People v Jordan*, 74 AD3d 986 [2010]; *People v Ramirez*, 23 AD3d 500, 501 [2005]; *People v Newby*, 291 AD2d 460 [2002]; *People v Herrera*, 287 AD2d 579 [2001]). Thus, the Supreme Court providently exercised its discretion in admitting such evidence, since its probative value outweighed any prejudice to the defendant (*see People v Jordan*, 74 AD3d at 986; *People v Flores*, 46 AD3d 570, 571 [2007]; *People v Newby*, 291 AD2d at 460). Moreover, the Supreme Court alleviated any prejudice to the defendant by providing appropriate limiting instructions (*see People v Ramirez*, 23 AD3d at 501; *People v Newby*, 291 AD2d at 460).

Under the circumstances, any error in admitting opinion testimony from lay witnesses was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's challenge to a portion of the testimony of the sister of one of the victims on hearsay grounds is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gonzalez*, 55 NY2d 720, 722 [1981], *cert denied* 456 US 1010 [1982]). In any event, any error in admitting the challenged testimony was harmless, as there was overwhelming evidence of the defendant's guilt and no reasonable possibility that the alleged error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230 [1975]).

Contrary to the defendant's contention, the People demonstrated "that the witness' whereabouts are unknown and that diligent efforts to locate him have been unsuccessful" (*People v Gonzalez*, 68 NY2d 424, 428 [1986]). Accordingly, the Supreme Court properly refused to give a missing witness charge "for the inference that the witness has not been called because of his anticipated unfavorable testimony has been negated" (*People v Gonzalez*, 68 NY2d at 428). Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.