■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINO DOMINGUEZ, Appellant. [923 NYS2d 207]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Hanophy, J.), rendered February 8, 2008, convicting him of murder in the second degree, assault in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, a determinate term of imprisonment of 25 years on each of the convictions on assault in the first degree, to run consecutively to each other and to the term of imprisonment on the conviction of murder in the second degree, a determinate term of imprisonment of seven years on the conviction of assault in the second degree, and a definite term of imprisonment of one year on each of the convictions of criminal possession of a weapon in the fourth degree, to run concurrently with each other and the other sentences.

Ordered that the judgment is modified, on the facts and as a matter of discretion in the interest of justice, by reducing the indeterminate term of imprisonment imposed on the conviction of murder in the second degree from 25 years to life imprisonment to 20 years to life imprisonment, and making all the sentences run concurrently with each other; as so modified, the judgment is affirmed.

The defendant was convicted, after a jury trial, of murder in the second degree, two counts of assault in the first degree, assault in the second degree, and two counts of criminal possession of a weapon in the fourth degree. The charges arose from a barroom knife fight between two groups of men which resulted in the death of one of the men and the near death of another. The codefendant, who was responsible for inflicting the fatal and near-fatal injuries upon two of the victims, pleaded guilty to manslaughter in the first degree and was sentenced to a determinate term of imprisonment of 18 years. The defendant was found guilty of acting in concert with the codefendant and was sentenced, in aggregate, to 75 years to life imprisonment for his role in the altercation.

The defendant's contention that the Supreme Court improperly struck a defense witness's testimony as inadmissible hearsay is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gonzalez*, 55 NY2d 720, 722 [1981], *cert denied* 456 US 1010 [1982]; *People v Borrero*, 79 AD3d 767 [2010]) and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

To the extent that the defendant's claims of ineffective assistance of counsel, raised in his pro se supplemental brief, are based upon matter dehors the record, they may not be reviewed

on direct appeal (*see People v Surin*, 70 AD3d 731, 732 [2010]; *People v Ballinger*, 62 AD3d 895, 896 [2009]; *People v Shakespeare*, 63 AD3d 861 [2009]; *People v Zimmerman*, 309 AD2d 824 [2003]). Insofar as we are able to review those claims, defense counsel provided the defendant with meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]).

The sentence imposed was excessive to the extent indicated. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.