◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAYELY LAZARO, Appellant. [5 NYS3d 195]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered December 11, 2012, convicting her of assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not deprived of a fair trial by the admission into evidence of expert testimony regarding the identifiers and practices of a certain gang, as that evidence was probative of the defendant's motive and provided necessary background to explain to the jury the relationship between the defendant, the codefendant, and the complainants (*see People v Guevara*, 96 AD3d 781 [2012]; *People v Cruz*, 46 AD3d 567 [2007]; *People v Ramirez*, 23 AD3d 500, 501 [2005]; *People v Filipe*, 7 AD3d 539, 540 [2004]). The probative value of this evidence outweighed any prejudice to the defendant (*see People v Guevara*,

96 AD3d 781 [2012]; *People v Cruz*, 46 AD3d 567 [2007]; *People v Ramirez*, 23 AD3d at 501).

The defendant's claim that the evidence was legally insufficient to support her conviction of assault in the second degree, based upon accessorial liability, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (*see* Penal Law §§ 20.00, 120.05 [2]; *People v Ramos*, 74 AD3d 991, 992 [2010]; *People v Mayorga*, 273 AD2d 480 [2000]). Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur. **[Prior Case History: 38 Misc 3d 697.]**