◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRON GONZALES-MARTINEZ, Appellant. [23 NYS3d 907]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Cohen, J.), rendered May 22, 2013, convicting him of murder in the second degree, attempted murder in the second degree, gang assault in the first degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's arguments regarding the legal sufficiency of the evidence are mostly unpreserved for appellate review (*see People v Rodriguez*, 127 AD3d 997 [2015]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]). Upon reviewing the record here, we find that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in admitting testimony relating to the defendant's alleged membership in a gang, since the probative value of that testimony outweighed any prejudice to the defendant (*see People v Borrero*, 79 AD3d 767 [2010]; *People v Jordan*, 74 AD3d 986 [2010]). The testimony was relevant to the issue of the defendant's motive, was inextricably interwoven into the narrative, and explained the relationships between the parties (*see People v Jordan*, 74 AD3d 986 [2010]). Moreover, the Supreme Court alleviated any prejudice to the defendant by providing appropriate limiting instructions (*see People v Borrero*, 79 AD3d 767 [2010]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.