People v Patel (2019 NY Slip Op 01239)





People v Patel


2019 NY Slip Op 01239


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2014-10967
 (Ind. No. 383/12)

[*1]The People of the State of New York, respondent,
v
Amit Patel, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon and Kendra L. Hutchinson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered October 24, 2014, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3), based on an incident which occurred on January 26, 2012. The defendant contends that it was error to allow testimony from a police officer regarding the results of a field chemical breath test performed on him at the scene shortly after his vehicle was stopped by the police. However, the prosecution did not elicit any such testimony on direct examination of the officer. The testimony was adduced by defense counsel during cross-examination, in particular, testimony to the effect that the device was the officer's personal property, that it had been calibrated by police personnel, and that the officer had not recorded the results. On redirect, the prosecution asked the officer to explain why he used the device and why he did not record the results. Thus, the defendant has no basis for complaint as to the admission of this testimony since the defendant "opened the door" by cross-examining the officer on matters not touched upon in direct examination, giving the prosecutor the right on redirect to explain, clarify, and fully elicit testimony only partially adduced on cross-examination (see People v Melendez, 55 NY2d 445, 451; People v Martin, 100 AD3d 930, 930; People v Vines, 51 AD3d 827; People v Joyner, 295 AD2d 625). Moreover, any potential prejudice to the defendant was alleviated by the trial court's limiting instructions to the jury (see People v Martin, 100 AD3d at 930; People v Vines, 51 AD3d at 859; People v Hernandez, 11 AD3d 479).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v [*2]Romero, 7 NY3d 633).
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court