People v Sarkodie (2019 NY Slip Op 03628)





People v Sarkodie


2019 NY Slip Op 03628


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-01724
 (Ind. No. 2544/13)

[*1]The People of the State of New York, respondent,
v
Justin Sarkodie, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, Howard B. Goodman, and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered February 11, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, and a concurrent determinate term of imprisonment of 15 years imprisonment, to be followed by 5 years of postrelease supervision, on the conviction of criminal possession of a weapon in the second degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of murder in the second degree from an indeterminate term of imprisonment of 25 years to life to an indeterminate term of imprisonment of 20 years to life; as so modified, the judgment is affirmed.
Contrary to the People's contention, the defendant's suppression arguments are preserved for appellate review (see CPL 470.05[2]; People v Jones, 164 AD3d 1363, 1364). Nevertheless, the record demonstrates that the initial stop of the defendant was based on reasonable suspicion, which ripened into probable cause supporting the defendant's subsequent de facto arrest (see People v Hicks, 68 NY2d 234, 240; People v De Bour, 40 NY2d 210, 223; People v Lawson, 163 AD3d 996, 998). Additionally, the defendant's statements to the police, which were given after he was informed of, and waived, his Miranda rights (see Miranda v Arizona, 384 US 436, 448), were voluntarily made (see People v Mateo, 2 NY3d 383, 413; People v Sands, 164 AD3d 613, 614; People v Gelin, 128 AD3d 717, 718). Further, there is no support for the defendant's contention that the hearing testimony of the police officers was incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Pleasant, 146 AD3d 985, 987; People v Hobson, 111 AD3d 958, 959). Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
In fulfilling our responsibility to conduct an independent review of the weight of the [*2]evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's Batson challenge (see Batson v Kentucky, 476 US 79) to the prosecutor's exercise of peremptory challenges was properly denied, as he failed to make the requisite prima facie showing of discrimination (see People v Childress, 81 NY2d 263, 268; People v Cutting, 150 AD3d 873, 874; People v Sydoriak, 147 AD3d 791, 792; People v Rudolph, 132 AD3d 912, 913). Additionally, his contention that the Supreme Court coerced him into the use of a peremptory challenge as to a particular juror is unpreserved for appellate review (see CPL 470.05[2]; People v James, 99 NY2d 264, 272; People v Grant, 128 AD3d 1088, 1091; People v Occhione, 94 AD3d 1021, 1022), and, in any event, without merit.
The Supreme Court did not improvidently exercise its discretion in admitting evidence relating to the defendant's gang affiliations. Such evidence was probative of the defendant's motive and to explain the relationships of the individuals involved (see People v Bailey, 32 NY3d 70, 83; People v Bruno, 127 AD3d 986, 986; People v Murray, 116 AD3d 1068, 1069; People v Guevara, 96 AD3d 781, 781). The probative value of the testimony outweighed any prejudice resulting from its admission (see People v Guerro, 150 AD3d 883, 885; People v Lazaro, 125 AD3d 1007, 1007).
The defendant's contention that the prosecutor made improper comments during summation is partially unpreserved for appellate review, since the defendant did not object to the majority of the remarks he now challenges (see People v Hankerson, 149 AD3d 778, 779). In any event, the comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or fair response to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Hardy,166 AD3d 645; People v Wells, 161 AD3d 1200, 1201).
The defendant's claim of ineffective assistance of counsel, raised in his supplemental pro se brief, is without merit (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137). The defendant failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's alleged shortcoming (People v Robles, 116 AD3d 1071, 1071; see People v Baugh, 91 AD3d 965, 966).
The sentence imposed was excessive to the extent indicated herein (see People v Naqvi, 132 AD3d 779; People v Garguilio, 57 AD3d 797; People v Nelson, 118 AD2d 596; People v Agard, 111 AD2d 821).
The defendant's remaining contention does not require reversal.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court