People v Sosa-Marquez (2019 NY Slip Op 08585)





People v Sosa-Marquez


2019 NY Slip Op 08585


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-00042
 (Ind. No. 1821/15)

[*1]The People of the State of New York, respondent,
v
Manuel Sosa-Marquez, appellant.


Martin Geduldig, Plainview, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Angelo A. Dellagatti, J.), rendered December 15, 2017, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
On September 15, 2015, the defendant was arrested in connection with a drive-by shooting that occurred on August 6, 2015. The gang-related shooting left the 14-year-old complainant paralyzed and requiring the use of a wheelchair. After a jury trial, the defendant was convicted, inter alia, of attempted murder in the second degree, assault in the first degree, and criminal use of a firearm in the first degree.
We agree with the hearing court's determination denying suppression of the identification testimony. The People satisfied their initial burden of establishing the reasonableness of the police conduct and the lack of any undue suggestiveness (see People v Chipp, 75 NY2d 327, 335; People v McDonald, 138 AD3d 1027, 1028). The defendant failed to meet his ultimate burden of proving that the procedure was unduly suggestive (see People v McDonald, 138 AD3d at 1028). The defendant failed to demonstrate that the complainant previewed a photograph of him before identifying the defendant from the photo array. Further, the fact that the defendant's photograph had what he described as an "awkward orange hue" was not, in and of itself, sufficient to establish that the array was unduly suggestive (see People v Thomas, 164 AD3d 619, 621; People v Redding, 132 AD3d 700). The other individuals depicted in the array were sufficiently similar in appearance to the defendant (see People v Curtis, 71 AD3d 1044) and the complainant identified the defendant within seconds of being shown the photograph (see People v Jackson, 211 AD2d 644). Under the circumstances, the prosecution was not required to elicit evidence from the complainant that a source independent of the pretrial identification procedure existed for an in-court identification (see People v Brown, 187 AD2d 437).
The defendant's contention that the investigating detective should not have been qualified by the trial court as an expert because it improperly bolstered his credibility is unpreserved for appellate review (see CPL 470.05; People v Flores, 153 AD3d 182, affd 32 NY3d 1087; People v Walker, 124 AD2d 844). In any event, the contention is without merit (see People v Mazariego, 117 AD3d 1082; People v Rivera, 236 AD2d 428). The detective offered expert testimony relevant to the issue of gang culture, which was probative of the defendant's motive (see People v Lazaro, 125 AD3d 1007; People v Scott, 99 AD3d 817), and any prejudice that might have resulted was sufficiently mitigated by the court's instruction to the jury (see People v Allen, 222 AD2d 441).
The defendant's further contention that the complainant's trial testimony describing his life before and after the shooting was highly inflammatory, prejudicial, of no probative value and irrelevant on the question of guilt, and that the error in admitting such evidence was compounded by the prosecutor's highly inflammatory cross-examination of the defendant inquiring into his knowledge of gang members, is only partially preserved for appellate review (see CPL 470.05[2]; People v Thomas, 168 AD3d 766). The sole objection raised by defense counsel to the prosecutor's line of questioning addressed to the complainant was one of relevancy. Regarding the prosecution's cross- examination of the defendant, defense counsel objected only to the form of the question. In any event, the complainant's testimony was relevant and probative to establish that the complainant sustained a "serious physical injury," an element of assault in the first degree (Penal Law §§ 10.00[10]; 120.10[1]), and did not unduly prejudice the defendant or mislead the jury (see People v Webster, 140 AD3d 1196, 1197; People v White, 79 AD3d 1460). Moreover, cross-examination of the defendant regarding his gang affiliation was relevant and probative of the People's theory that the shooting was in retaliation for an earlier threat to the defendant made by members of a rival gang, with whom the complainant was affiliated (see People v Paige, 134 AD3d 1048; People v Ramirez, 23 AD3d 500, 501; cf. People v Chinloy, 153 AD3d 1269; People v Sellan, 143 AD2d 690).
Regarding the sentence, the defendant concedes that upon his conviction of criminal use of a firearm in the first degree, the Supreme Court was specifically authorized, pursuant to Penal Law § 265.09(2), to impose an additional consecutive sentence of five years to a sentence imposed on a qualifying and underlying class B violent felony offense; here, attempted murder in the second degree (Penal Law § 70.02[1][a]). Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court