■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAROD BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.),

rendered May 30, 1990, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the People were required to present the testimony of the complaining witness at the *Wade* hearing is unpreserved for appellate review since the defendant failed to raise this issue at the suppression hearing *(see, People v Gonzalez,* 55 NY2d 887). In any event, this contention is without merit. The record reveals that the prosecution satisfied its initial burden of establishing that the identification of the defendant was not the product of an unduly suggestive, police-arranged procedure, and the defendant failed to meet his ultimate burden of proving that the procedure was unduly suggestive. Accordingly, the prosecution was not required to elicit evidence from the complainant that a source independent of the pre-trial identification procedure exists for an in-court identification *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Hucks,* 175 AD2d 213; *People v Tweedy,* 134 AD2d 467).

The defendant further contends that he was denied a fair trial by the prosecution's delay in disclosing *Brady* material until three weeks prior to the trial *(see, Brady v Maryland,* 373 US 83). This issue is unpreserved for appellate review since the trial court imposed the sanction requested by the defendant for the delay in producing the material *(see,* CPL 470.05). In any event, the defendant was not denied a fair trial since he was given a meaningful opportunity to use the exculpatory material to cross-examine the People's witnesses and as evidence during his case *(see, People v Cortijo,* 70 NY2d 868; *People v Estela,* 177 AD2d 646).

Contrary to the defendant's contention, we find that viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), it was legally sufficient to establish his identity as one of the perpetrators of the crime. Furthermore, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.