■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT K. WOOLEY, Appellant. [606 NYS2d 738] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered May 26, 1989, convicting him of kidnapping in the first degree, assault in the first degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A witness testified before the Grand Jury which later indicted the defendant and this witness consequently received

immunity from prosecution by operation of law *(see,* CPL 190.40 [2]). This witness had not waived his right to immunity *(see,* CPL 190.40 [2] [a]; 190.45 [1]) and the prosecutor informed the defendant's trial attorney of this, stating, "I have no waiver in my file, there was no waiver in this case".

On appeal, the defendant asserts without sufficient basis that this witness was in fact an accomplice and that this witness's receipt of immunity was equivalent to the prosecution's making of a "secret deal" with him. The defendant argues that the prosecution's failure to reveal the existence of this secret deal constituted misconduct in light of what defense counsel characterizes as the "confluence of *Rosario, Brady* and *Giglio"* (citing *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *Brady v Maryland,* 373 US 83; *Giglio v United States,* 405 US 150).

It is true that the prosecution has the duty to disclose agreements made in order to encourage a potentially reluctant witness to testify *(see, e.g., People v Steadman,* 82 NY2d 1).* However, there is no conceivable way to relate this rule of law to the particular facts of this case, because in this case there is no actual proof of such an agreement. Moreover, even assuming that it were reasonable to equate a witness's receipt of automatic immunity with an agreement within the scope of the rule of the *Steadman* case *(supra),* the fact remains that the witness's prior receipt of immunity or, more precisely, his previous failure to waive the immunity which had automatically been conferred on him, was a circumstance which was in fact revealed to defense counsel.

Measured against the standard set by the contention outlined above, the defendant's numerous remaining arguments are equally, or even more, devoid of merit. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.