■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY YOUNG, Appellant. [630 NYS2d 568] —Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered August 20, 1993, convicting him of robbery in the second degree, grand larceny in the fourth degree, assault in the second degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence, in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the County Court correctly denied the defen-

dant's motions for a mistrial or to discharge members of the jury. The record shows that the County Court made a diligent inquiry of the jurors as to any conversations that may have been had with witnesses in the case or with nonjurors. The jurors' responses failed to demonstrate the gross disqualification or misconduct of a substantial nature required to mandate discharge of a juror under CPL 270.35 (see, People v Matiash, 197 AD2d 794; cf., People v Fox, 172 AD2d 218).

The defendant's remaining contentions are without merit. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.