■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BLAKE, Appellant. [631 NYS2d 430] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered May 23, 1991, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, an order of the same court entered March 22, 1994, which denied, after a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

On appeal, the defendant contends that the People failed to prove his guilt beyond a reasonable doubt because the testimony of the sole eyewitness to the murders was incredible as a matter of law. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The eyewitness unequivocally testified that he had observed the defendant fire approximately 50 rounds from an Uzi machine gun into the front seat of an automobile in which the victims were seated. The victims were struck by a total of 29 bullets and died of multiple gunshot wounds. While there were some inconsistencies in the eyewitness's testimony, the resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly un-

supported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

We find no merit to the defendant's contention that the verdict should have been set aside because the prosecution violated Giglio v United States (405 US 150) by failing to disclose that its eyewitness testified pursuant to a cooperation agreement. Contrary to the defendant's contention, the evidence presented at the CPL 330.30 hearing did not establish that the eyewitness testified in exchange for a promise that law enforcement officials in New York would recommend to law enforcement officials in North Carolina that he receive favorable treatment with regard to cases pending against him in North Carolina. In the absence of proof that there was such a cooperation agreement, the defendant's motion to set aside the verdict was properly denied (see, People v Wooley, 200 AD2d 644).

The defendant contends that the Supreme Court erred in denying his motion to vacate his judgment of conviction pursuant to CPL 440.10. The motion was primarily based upon the eyewitness's recantation of his trial testimony. The record reveals, however, that the eyewitness never expressly recanted his trial testimony at the CPL 440.10 hearing. Moreover, the hearing court properly concluded that the eyewitness's affidavit recanting his trial testimony was incredible. Under these circumstances, the hearing court did not err in denying the motion (see, People v Rodriguez, 201 AD2d 683; People v Legette, 153 AD2d 760).

We find that the defendant's sentence is neither unduly harsh nor excessive (see, People v Delgado, 80 NY2d 780).

We have reviewed the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.