■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVAN PINEDA, Appellant. [707 NYS2d 110] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 29, 1997, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied his constitutional and statutory rights to a trial by a jury in

whose selection he had a voice by the dismissal of a sworn juror prior to opening statements. The record reveals, *inter alia,* that before being selected as a juror, but after receiving instructions from the court not to speak to anyone about the case, Juror No. 10 approached the defendant's cousin outside the courtroom and asked several questions relating to the defendant's background. After the jury was sworn but before opening statements another juror advised the court what had occurred. The court conducted an inquiry in the presence of the defendant and counsel. Juror No. 10 was evasive when questioned by the court about his actions, and other jurors indicated that Juror No. 10 had engaged in additional questionable conduct. As a result, the court discharged Juror No. 10 over the defendant's objection. We conclude that the court did not err in determining that Juror No. 10 was grossly unqualified to serve and in discharging him (*see,* CPL 270.35 [1]; *see also, People v Clarke,* 168 AD2d 686; *cf., People v Guerrero,* 221 AD2d 465).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.