■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAROD BROWN, Appellant. [724 NYS2d 359] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 2, 1992 (*People v Brown,* 187 AD2d 437), affirming a judgment of the Supreme Court, Kings County, rendered May 30, 1990.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., S. Miller, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CLAY, Appellant. [724 NYS2d 340] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered December 23, 1998, convicting him of murder in the second degree (two counts), arson in the first degree (two counts), criminal possession of a weapon in the third degree, reckless endangerment in the first degree, and arson in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.