■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY HARRIS, Appellant. [748 NYS2d 274] —Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered January 11, 2001, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94; *People v Blake*, 219 AD2d 730). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88; *People v Clay*, 282 AD2d 755). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

In addition, absent a showing of prejudice to a substantial right, proof of juror misconduct does not entitle the defendant to a new trial (*see People v Turner*, 210 AD2d 445). Further, the trial court properly denied the defendant's request to discharge the offending juror. The juror's responses to the court's diligent inquiry did not demonstrate that he was grossly unqualified or had committed misconduct of a substantial nature (*see People v Young*, 218 AD2d 767; *cf. People v Pineda*, 269 AD2d 610).

The defendant's remaining contention is unpreserved for appellate review. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.