## People v Salazar-Guadron

2022 NY Slip Op 34830(U)

October 19, 2022

County Court, Westchester County

Docket Number: Indictment No. 22-71668

Judge: Anne E. Minihan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

-against-

ELIAS SALAZAR-GUADRON

                               Defendant.
-------------------------------------------------------------------X

MINIHAN, J.

**FILED
AND ENTERED
ON _10-19-_ 2022
WESTCHESTER
COUNTY CLERK**

**FILED**

**OCT 27 2022**

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

DECISION & ORDER
Indictment No. 22-71668

Defendant, Elias Salazar-Guadron, charged by Westchester County Indictment Number 22-71668 with Driving While Intoxicated; Per Se, as an E Felony[1] (Vehicle and Traffic Law § 1192[2]), Driving While Intoxicated, as an E Felony[2] (Vehicle and Traffic Law § 1192[3]), and Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree (Vehicle and Traffic Law § 511[1][a]), has filed an omnibus motion consisting of a Notice of Motion, an Affirmation in Support, and a Memorandum of Law. In response, the People filed an Affirmation in Opposition together with a Memorandum of Law.

I.

MOTION to INSPECT, DISMISS, and/or REDUCE
CPL ARTICLE 190

Defendant moves pursuant to CPL 210.20 to dismiss the indictment, or reduce the counts charged against him, on the grounds that the evidence before the Grand Jury was legally insufficient and the Grand Jury proceeding was defective within the meaning of CPL 210.35. On consent of the People, the Court has reviewed the minutes of the proceedings before the Grand Jury.

The Court denies defendant's motion to dismiss or reduce the counts in the indictment for legally insufficient evidence because a review of the minutes reveals that the evidence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged, *including that defendant knew or had reason to know that his privilege to operate a motor vehicle in the State of New York was suspended* (*see* CPL 210.30[2]). Specifically, defendant argues that because the People did not provide an affidavit describing the Department of Motor Vehicle's (hereinafter DMV) revocation/suspension mailing procedures, they did not satisfy the "knowing or having reason to know" element of the Aggravated Unlicensed Operation in the Third Degree charge. Defendant indicates, correctly, that no testimony was adduced that the proper mailing procedures were undertaken to ensure that defendant was made aware that his

_____

[1] By special information attached to the indictment, defendant is alleged to have been previously convicted of the crime of Aggravated Driving While Intoxicated (Vehicle and Traffic Law § 1192[2-a][a]), on or about March 3, 2015 in the Nassau District Court in Hempstead, New York.
[2] For the same reason as in footnote 1, this charge is a felony.

[* 1]

license was suspended.[3] However, in addition to the testimony of the DMV representative, the People admitted Grand Jury Exhibit #5b into evidence, a 5-page redacted document consisting of an electronic certification, certified abstract of driving record, abstract of driving record showing the suspension at issue, and a notice of driving privilege suspension along with a mailing record for the notice of suspension indicating that the United States Postal Service received the notice of suspension on January 10, 2020 and mailed it to defendant's address. This exhibit was in evidence before the Grand Jury and was left with the grand jurors during their deliberations, allowing them the opportunity to examine it. Therefore, the testimony of the DMV representative in conjunction with Grand Jury Exhibit #5b was legally sufficient to establish that on November 29, 2020, defendant knew or had reason to know that his privilege to operate a motor vehicle in New York was suspended. Defendant's reliance on *People v Pacer*, 6 NY3d 504 (2006), is misplaced. In that case, the Court of Appeals found that defendant's right to confrontation was violated at *trial* when the People admitted into evidence an affidavit of regularity/proof of mailing sworn to by a DMV employee to prove that defendant had notice of driving privilege revocations. The Court found that the affidavit was a direct accusation of an essential element of the crime and without a live witness, defendant had no means of challenging the People's proof of an essential element. In a Grand Jury proceeding, however, there is of course no right to confrontation nor is the burden of proof proof beyond a reasonable doubt, the burden at trial. Moreover, in the instant matter, a DMV representative did testify in addition to the proof of mailing document admitted into evidence. Pursuant to CPL 190.65(1), an indictment must be supported by legally sufficient evidence which establishes that the defendant committed the offenses charged. "Courts assessing the sufficiency of the evidence before a grand jury must evaluate whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted--and deferring all questions as to the weight or quality of the evidence--would warrant conviction" (*People v Mills*, 1 NY3d 269, 274-275 [2002]). Legally sufficient evidence means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof (CPL 70.10[1]; *see People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011]). "The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference. That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry as long as the Grand Jury could rationally have drawn the guilty inference" (*People v Bello*, 92 NY2d 523, 526 [1998]). Here, the evidence presented, if accepted as true, is legally sufficient to establish every element of the offenses charged (CPL 210.30[2]).

With respect to defendant's claim that the Grand Jury proceeding was defective within the meaning of CPL 210.35, a review of the minutes reveals that a quorum of the grand jurors was present during the presentation of evidence and that the Assistant District Attorney properly and clearly instructed the Grand Jury on the law and only permitted those grand jurors who heard all the evidence to vote the matter (*see People v Collier*, 72 NY2d 298 [1988]; *People v Calbud*, 49 NY2d 389 [1980]; *People v Valles*, 62 NY2d 36 [1984]; *People v Burch*, 108 AD3d 679 [2d

---

[3] It is necessary for the Court to discuss specific testimony from the Grand Jury proceedings in deciding the instant motion (*see* CPL 190.25[4]).

2

Dept 2013]). Defendant requests "that the [i]ndictment be dismissed entirely based upon prejudicial circumstances relating to the proceedings and the charges presented to the Grand Jury as against [him]" (*see* Defendant's Memorandum of Law, page 8). However, defendant has not asserted any argument in support of this claim and certainly has not demonstrated, through sworn allegations of fact, that this is one of the "rare" circumstances where the "exceptional remedy of dismissal" is warranted (CPL 210.45; *People v Huston*, 88 NY2 400, 409-410 [1996]). The Court finds, based on its review of the minutes, there were no defects in the grand jury presentation that impaired the integrity of the proceeding and therefore there was no prejudice to defendant (*see People v Santmyer*, 255 AD2d 871 [4th Dept 1998]).

To the extent that defendant's motion seeks disclosure of portions of the Grand Jury minutes beyond the disclosure directed by CPL Article 245, such as the prosecutor's instructions and/or colloquies, the court denies that branch of the motion.

II.
## MOTION for a BILL OF PARTICULARS

Defendant's request for a bill of particulars is denied as untimely (CPL 200.95). Moreover, in accordance with CPL Article 245, defendant has discovery which will allow him to prepare and conduct a defense. Additionally, defendant is entitled to and has, or will have, a copy of the Grand Jury minutes and exhibits. The People have also provided specific facts of the case in their Affirmation in Opposition. As such, defendant's motion for a bill of particulars is denied.

III.
## MOTION for DISCOVERY, DISCLOSURE, and INSPECTION
## CPL ARTICLE 245

To whatever extent material that is discoverable under CPL Article 245 has not already been provided to the defense by the People, defendant's motion is granted and such discovery, including both *Brady* material[4] and *Rosario* material, shall be provided forthwith. Leave is granted for either party to seek a protective order (CPL Article 245).

The People filed a Certificate of Compliance on or about August 31, 2022 and they are reminded of their continuing obligation to remain in compliance with the discovery mandates set forth in CPL Article 245 and to file supplemental Certificates of Compliance as the need arises.[5]

The People must disclose the terms of any deal or agreement made between the People and any prosecution witness at the earliest possible date (*see People v Steadman*, 82 NY2d 1 [1993]; *Giglio v United States*, 405 US 150 [1972]; *Brady v Maryland*, 373 US 83 [1963]; *People v Wooley*, 200 AD2d 644 [2d Dept 1994]).

---

[4] The People have a continuing duty to disclose exculpatory material (*Brady v Maryland*, 373 US 83 [1963]; *see Giglio v United States*, 405 US 150 [1971]). If the People are or become aware of any such material which is arguably subject to disclosure under *Brady* and its progeny and CPL Article 245 which they are unwilling to consent to disclose, they are directed to bring it to the immediate attention of the Court and to submit it for an in-camera inspection by the Court and determination as to whether it constitutes *Brady* material discoverable by defendant.

[5] In fact, the People filed a supplemental Certificate of Compliance on or about September 30, 2022.

3

IV.

## MOTION for *SANDOVAL* and *VENTIMIGLIA* HEARINGS

Defendant has moved for a pre-trial hearing to permit the trial court to determine the extent, if at all, to which the People may inquire into defendant's prior criminal convictions or prior uncharged criminal, vicious, or immoral conduct. On the People's consent, the court orders a pre-trial *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371[1974]). At said hearing, the People shall notify defendant, *in compliance with CPL Article 245*, of all specific instances of his criminal, prior uncharged criminal, vicious, or immoral conduct of which they have knowledge and which they intend to use in an attempt to impeach defendant's credibility if he elects to testify at trial, *and, in any event, not less than 15 days prior to the first scheduled trial date.* Defendant shall bear the burden of identifying any instances of his prior misconduct that he submits the People should not be permitted to use to impeach his credibility. Defendant shall be required to identify the basis of his belief that each event or incident may be unduly prejudicial to his ability to testify as a witness on his own behalf (*see People v Matthews*, 68 NY2d 118 [1986]; *People v Malphurs*, 111 AD2d 266 [2d Dept 1985]).

If the People determine that they will seek to introduce evidence at trial of any prior uncharged misconduct and criminal acts of defendant, including acts sought to be used in their case in chief, they shall so notify the court and defense counsel, *in compliance with CPL Article 245, and, in any event, not less than 15 days prior to the first scheduled trial date*, and a *Ventimiglia/Molineux* hearing (*see People v Ventimiglia*, 52 NY2d 350 [1981]; *People v Molineux*, 168 NY 264 [1901]) shall be held immediately prior to trial to determine whether or not any evidence of uncharged crimes may be so used by the People. The People are urged to make an appropriate decision in this regard sufficiently in advance of trial to allow any *Ventimiglia/Molineux* hearing to be consolidated and held with the other hearings herein.

V.

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

Defendant moves for suppression of all evidence. This branch of defendant's motion is granted solely to the extent of conducting a *Mapp* hearing prior to trial to determine the propriety of any search resulting in the seizure of evidence (*see Mapp v Ohio*, 367 US 643[1961]) including the results of the chemical test to determine, *inter alia*, whether defendant expressly consented to the chemical test (*see People v Atkins*, 85 NY2d 1007, 1008 [1995]) and/or that it was administered in accordance with VTL § 1194(2)(a). Notably, the two-hour limit set forth in VTL § 1194(2)(a)(1) has no application where a defendant expressly and voluntarily consents to a test as opposed to where a defendant is deemed to have consented (*People v Elysee*, 12 NY3d 100, 105 [2009]).[6] In the event the Court finds that defendant was deemed to have consented, the Court will then consider whether the two hour statutory criteria as set forth in VTL § 1194(2)(a)(1) was followed. The hearing will also address whether any evidence was obtained in violation of defendant's Fourth Amendment rights (*see Dunaway v New York*, 442 US 200

---

[6] Any person who operates a motor vehicle in the State of New York shall be deemed to have given consent to a chemical test of breath, blood, urine, or saliva, for the purpose of determining the alcoholic and/or drug content of the blood (VTL § 1194[2][a]).

4

[1979]), including observations made of him and the results of the Standardized Field Sobriety Tests, and whether there was a Sixth Amendment right to counsel violation.

## VI.
### MOTION to SUPPRESS NOTICED STATEMENTS

The People, pursuant to CPL 710.30(1)(a), noticed statements allegedly made by defendant to members of the New York State Police Department on November 29, 2021. Defendant moves to suppress these statements as involuntary, the product of an unlawful stop and arrest, and made without *Miranda* warnings. Defendant's motion to suppress is granted to the extent that a pre-trial *Huntley* hearing shall be held, on consent of the People, to determine whether the alleged statements were involuntarily made within the meaning of CPL 60.45 (*see* CPL 710.20[3]; CPL 710.60[3][b]; *People v Weaver*, 49 NY2d 1012 [1980]). The hearing will also address whether the alleged statements were obtained in violation of defendant's Fourth Amendment rights (*see Dunaway v New York*, 442 US 200 [1979]).

## VII.
### MOTION to PRECLUDE UNNOTICED IDENTIFICATIONS

Defendant's motion to preclude unnoticed identifications is moot or premature and is denied. The People are reminded of the statutory requirements of CPL 710.30.

## VIII.
### LEAVE TO MAKE ADDITIONAL MOTIONS

Defendant's motion for leave to make additional motions is denied. Defendant must demonstrate good cause for any further pre-trial motion for omnibus relief, in accordance with CPL 255.20(3).

## IX.
### HEARINGS CONDUCTED PRIOR to TRIAL

Defendant requests that pre-trial hearings be scheduled two weeks in advance of trial. The hearings will be scheduled at a time that is convenient to the Court, upon due consideration of all its other cases and obligations.

The foregoing constitutes the Decision and Order of this Court.

Dated:   White Plains, New York
        October 19, 2022

Honorable Anne E. Minihan
Acting Justice of the Supreme Court

5

[* 5]

To:
Hon. Miriam E. Rocah
District Attorney, Westchester County
111 Dr. Martin Luther King, Jr., Blvd.
White Plains, NY 10601
Attn: ADA Kevin Jones
KJones@westchesterda.net

Matthew R. Mazzamurro, Esq.
1011 Park Street, Suite 6
Peekskill, NY 10566
mazzamurromatthew091@gmail.com
*Attorney for defendant, Elias Salazar-Guadron*